UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PEDRO LUGO, individually and on behalf of all similarly situated individuals, | ) ) ) | |
| | ) | No. 1:24-cv-00700-PTG-WEF |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Hon. Patricia T. Giles |
| INOVA HEALTH CARE SERVICES, | ) ) | |
| *Defendant*, | ) ) ) | |
| _____ | ) | |

**PLAINTIFF'S *UNOPPOSED* MEMORANDUM IN SUPPORT OF
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Dated: October 16, 2025

Kyle McNew (Va. Bar # 73210)
MICHIE HAMLEET PLLC
310 4th St. NE
Charlottesville, VA 22902
T: (434) 951-7234
F: (434) 951-7254
kmcnew@michiehamlett.com

Eugene Y. Turin (*pro hac vice*)
Jordan R. Frysinger (*pro hac vice*)
William Kingston (*pro hac vice*)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com
wkingston@mcgpc.com

*Attorneys for Plaintiff and the putative class*

## TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................................1

II.  BACKGROUND ......................................................................................................3

   A.  Description of Plaintiff's Claims................................................................3

   B.  Summary of the Litigation .........................................................................3

III. THE PROPOSED SETTLEMENT ........................................................................4

   A.  The Settlement Class ..................................................................................4

   B.  The Settlement Fund and Settlement Payments .........................................4

   C.  Additional Relief .......................................................................................4

   D.  Notice and Settlement Administration .......................................................5

   E.  Exclusion and Objection Procedure ...........................................................6

   F.  Release .......................................................................................................6

IV.  ARGUMENT ...........................................................................................................6

   A.  The Terms of the Settlement are Fair, Reasonable, and Adequate and Warrant
       Preliminary Approval..................................................................................6

      1.  The Class Representative and Proposed Class Counsel have adequately
          represented the Class .......................................................................8

      2.  The Proposed Settlement was negotiated at arm's length after adversarial
          motion practice ................................................................................9

      3.  The relief provided for the Class is adequate.................................10

             i. The costs, risks, and delay of trial and appeal ..........................10

             ii. The effectiveness of any proposed method of distributing relief to the
             class, including the method of processing class member claims.................12

             iii. The terms of any proposed award of attorneys' fees, including timing of
             payment....................................................................................12

             iv. Any agreement required to be identified under Rule 23(e)(3). .............13

i

4.  The Proposed Settlement treats class members equitably ....................................13

B.  **The Proposed Settlement Class Meets the Requirements for Certification for Purposes of Settlement Under Fed. R. Civ. P. 23** ....................................................14

1.  The Proposed Settlement Class meets all prerequisites to certification under Fed. R. Civ. P. 23 ...............................................................................................14

    i.The requirement of numerosity is satisfied ................................................14

    ii.The requirement of commonality is satisfied .............................................15

    iii.The requirement of typicality is satisfied ..................................................16

    iv.The requirement of adequate representation is satisfied ............................16

2.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)...........17

    i.Common issues of law and fact predominate within the settlement class ...........................................................................................................18

    ii.Class adjudication would be superior to other available methods .............19

V.  **THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL** ....................................................................................................................20

VI.  **THE PROPOSED NOTICE PLAN MEETS THE REQUIREMENTS OF RULE 23 AND DUE PROCESS** ....................................................................................21

VII.  **SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE** ................22

VIII.  **CONCLUSION** .................................................................................................................23

## <u>TABLE OF AUTHORITIES</u>

**Case**                                                           **Page(s)**

*Amchem Prods. Inc. v. Windsor*,
    521 U.S. 591 (1997).................................................................................14, 17, 18, 20

*Armstrong v. Board of Sch. Dirs. of City of Milwaukee*,
    616 F.2d 305 (7th Cir. 1980) ...............................................................................7

*Berry v. Schulman*,
    807 F.3d 600, 608 (4th Cir. 2015) .......................................................................7

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980)...........................................................................................13

*Brady v. Thurston Motor Lines*,
    726 F.2d 136, 145 (4th Cir. 1984) .....................................................................15

*Broussard v. Meineke Disc. Muffler Shops, Inc.*,
155 F.3d 331, 340 (4th Cir. 1998) ........................................................... 16-17

*Brown v. Transurban USA, Inc.*,
    318 F.R.D. 560, 575 (E.D. Va. 2016) ...............................................................13

*Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*,
    375 F.2d 648, 653 (4th Cir. 1967) .....................................................................15

*Deiter v. Microsoft Corp.*,
    436 F.3d 461, 466 (4th Cir. 2006) .....................................................................16

*Ealy v. Pinkerton Gov't Servs.*,
    514 F. App'x 299, 305 (4th Cir. 2013) ..............................................................18

*East Tex. Motor Freight Sys., Inc. v. Rodriguez*,
    431 U.S. 395, 403 (1977)...................................................................................17

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156, 173 (1974)...................................................................................21

*Fiorentino v. FloSports, Inc.*,
    Case No. 1:22-cv-11502 (D. Mass. Mar. 5, 2024) ............................................11

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147, 155 (1982)...................................................................................20

*Gray v. Hearst Commc'ns, Inc.*,
   444 F. App'x 698, 701–02 (4th Cir. 2011) ..............................................................18

*Gregory v. Tubi, Inc.*,
   No. 2024LA0000209 (Cir. Ct. Winnebago Cnty., Ill.) ..............................................11

*In re Jiffy Lube Securities Litigation*,
   927 F.2d 155, 159 (4th Cir. 1991) ..........................................................................7-9

*In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales
   Practices & Prod. Liab. Litig.*,
   952 F.3d 471, 485 (4th Cir. 2020) .......................................................................8, 13

*In re NeuStar, Inc. Sec. Litig.*, No. 1:14–CV– 885(JCC/TRJ),
   2015 WL 5674798, at *10 (E.D. Va. Sept. 23, 2015)................................................9

*In re: Pharmatrak*,
   329 F.3d 9, 18 (1st Cir. 2003) ................................................................................18

*In re The Mills Corp. Sec. Litig.*,
   265 F.R.D. 246, 254 (E.D. Va. 2009) .......................................................................7

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306, 314 (1950).......................................................................................21

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)...............................................................................................20

*Reedy et. al v. Everlywell, Inc.*,
   1:24-cv-02713, Dkt. 38 (N.D. Ill. Apr. 30, 2025) ...................................................11

*Soutter v. Equifax Info. Servs., LLC*,
   307 F.R.D 183, 214 (E.D. Va. 2015) .......................................................................18

*Sprague v. Gen. Motors Corp.*,
   133 F.3d 388, 399 (6th Cir. 1998) ...........................................................................16

*Sweat v. Houston Methodist Hospital*,
   No. H-24-775, 2025 WL 2697111 (S.D. Tex. Sep. 22, 2025) ................................10

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338, 350 (2011).......................................................................................15

**Statutes**

18 U.S.C. § 2510 *et seq*...............................................................................................3

18 U.S.C. § 2511(2)(d) ...............................................................................................18

FED. R. CIV. P. 12 (b)(6)........................................................................................................3

FED. R. CIV. P. 23 ...............................................................1-2, 6-7, 9-10, 13-17, 19-23

**Other Authorities**

Conte & Newberg, 4 *Newberg on Class Actions*, §11.25 (4th Ed. 2002).......................7

*Manual for Complex Litig.,* § 21.632 (4th ed. 2004) ....................................................7

7AA Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1779 (3d ed. 2005) .................................................................................19

Plaintiff Pedro Lugo, on behalf of himself and all others similarly situated, by and through his undersigned counsel, hereby submits Plaintiff's Unopposed Motion in Support of Preliminary Approval of Class Action Settlement ("Motion"). Defendant Inova Health Care Services ("Inova" or "Defendant")[1] does not oppose the relief sought by this Motion. For the reasons set forth below, Plaintiff respectfully requests that this Court preliminary approve the Parties' proposed class action settlement under Federal Rule of Civil Procedure 23.[2]

I.    **INTRODUCTION**

Plaintiff commenced this putative class action lawsuit by filing a complaint asserting various claims based on his allegations that Defendant installed, configured and used certain tracking tools on its websites that collected and transferred the Personally Identifiable Information and Protected Health Information of Plaintiff and the putative class. After more than a year of litigation, and months of contentious negotiations, including mediation before a third-party neutral, Bruce Friedman of JAMS, the Parties are pleased to report that they have reached a Settlement[3] that, if approved, will provide substantial monetary relief to the proposed Settlement Class. Under the terms of the proposed Settlement, Defendant will establish a non-reversionary Settlement Fund in the amount of $3,147,390.04 from which the Settlement Class Members will be compensated on a *pro rata* basis after submitting a timely and valid Claim Form. By this Motion, Plaintiff seeks preliminary approval of the Settlement Agreement, claims procedure, and the proposed form and method of Notice pursuant to Fed. R. Civ. P. 23(e).

While Plaintiff maintains that, absent a settlement, he would be able to secure class certification and prevail on the merits at trial, such success would be far from assured. From the

---

[1] Plaintiff and Defendant together are the "Parties."
[2] A Proposed Preliminary Approval Order is attached hereto as <u>Exhibit 1</u>.
[3] The Settlement Agreement is attached hereto as <u>Exhibit 2</u>.

outset of this case, Defendant has vigorously disputed Plaintiff's claims and has made clear that it possesses the resources to continue to defend this case through trial and appeal. Accordingly, by any measure, this Settlement is an extraordinary result and, if approved, will bring meaningful relief to thousands of individuals, as well as provide certainty and closure to what has been, and likely would continue to be, highly contentious and costly litigation.

As explained in detail below, the Court should grant preliminary approval to the Settlement because the Settlement terms are clearly favorable such that the Court "will likely be able to" find that the Settlement is "fair, reasonable, and adequate" at the final approval stage. In fact, the Settlement provides similar, if not greater, relief as other similar tracking pixel settlements that have been approved in federal and state courts across the country. Preliminary approval of the Settlement and distribution of notice to the Settlement Class are thus in the best interests of the putative Class Members, and the Court is also "likely" to find that the proposed Settlement Class meets all of the requirements for certification of a settlement class under Fed. R. Civ. P. 23.

Accordingly, Plaintiff respectfully requests that the Court enter an Order: (i) granting preliminary approval to the Settlement; (ii) appointing Plaintiff as Class Representative; (iii) approving the proposed form and method of Notice; (iv) appointing Kyle McNew of Michie Hamlett PLLC, and Eugene Y. Turin, Jordan R. Frysinger, and William Kingston of McGuire Law, P.C., as Class Counsel; and (v) scheduling a final approval hearing to determine whether the Settlement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2) and whether the Settlement Class should be finally certified.

## II.    **BACKGROUND**

### A.    Description of Plaintiff's Claims

Plaintiff and the proposed Settlement Class are all individuals who visited Defendant's websites and had an Inova MyChart account during the relevant time period. Plaintiff's Complaint alleges that Defendant, a health provider, unlawfully disclosed Plaintiff's Personally Identifiable Information and Protected Health Information (collectively "Private Information") to third parties, including Facebook and Google, without authorization in violation of the federal Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* ("ECPA"). (Ex. 2, ¶ 2.) Plaintiff further alleges that the receiver of the Private Information would be able to know that a specific patient was seeking specific medical care and the type of medical care being sought. Defendant denies these allegations.

### B.    Summary of the Litigation

Plaintiff filed his Complaint on April 29, 2024. (Dkt. 1-1.) On July 1, 2024, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). On March 25, 2025, after full briefing and oral argument on Defendant's motion to dismiss, this Court denied defendant's motion in part, allowing Plaintiff's claims under the ECPA to proceed. (Dkt. 34.) On April 7, 2025, following the Court's order denying Defendant's motion to dismiss, the Parties filed a joint motion to stay the case pending the outcome of mediation.

On June 9, 2025, in an effort to reach a resolution to the Litigation, the Parties engaged in a full-day mediation session with Bruce Friedman of JAMS. The Parties did not reach an agreement that day but agreed to continue settlement discussions. On July 28, 2025, after continued, extensive, arm's-length negotiations with the continued assistance of Mr. Friedman, the Parties reached an agreement in principle on the terms of a class action settlement, the terms of

which are reflected in the Settlement Agreement. Class Counsel wholeheartedly believe that this settlement is in the best interest of the Settlement Class, particularly given the facts of this case; the state of the relevant law; and the time, complexity, and expense this litigation would present absent this agreement.

## III.    THE PROPOSED SETTLEMENT

### A.    The Settlement Class

The proposed Settlement would establish a Settlement Class defined as follows:

> "All individuals who may have visited a public facing Inova website at any time from April 29, 2022 through April 29, 2024, and had an Inova MyChart Account and whose Private Information could have been disclosed to third parties through the Facebook or Google pixel and other related tracking technology without their authorization."

(Ex. 2, ¶ 16.)

### B.    The Settlement Fund and Settlement Payments

The proposed Settlement will establish a $3,147,390.04 (three million one hundred forty-seven thousand three hundred and ninety dollars and four cents) non-reversionary Settlement Fund. (Ex. 2, ¶ 20(a).) Each Class Member who submits a timely, valid Claim Form will be entitled to an equal share of the Settlement Fund distributed on a *pro rata* basis after payment of Settlement Administrative Expenses, an Attorneys' Fees and Expenses Award, and a Service Award. (*Id.* at ¶ 35.). The Settlement Fund will be fully paid out with no amount reverting to Defendant.

### C.    Additional Relief

In addition to monetary relief, without admitting any liability, Defendant agrees to implement all remedial measures necessary to ensure its use of Tracking Pixels materially complies with the ECPA and the Health Insurance Accountability Act (HIPAA), provided that nothing shall limit its right to use such technologies consistent with that guidance or when otherwise authorized by patients, pursuant to a valid business associate agreement, or as otherwise

permitted by the ECPA and HIPAA. (Ex. 2 ¶ 37.)

### D. Notice and Settlement Administration

The Parties have agreed to retain Epiq Class Action and Claims Solutions, Inc. as the Settlement Administrator. Defendant, with the assistance of the Settlement Administrator as appropriate, shall create a Class List consisting of the names and last known mailing addresses and email addresses of potential Settlement Class Members. (Ex. 2, ¶ 48(a)–(b).) If no email address is identified with a Settlement Class Member, the Settlement Administrator shall take reasonable steps to obtain a valid email address. (*Id.* at ¶ 49(c).)

To reach as many potential Class Members as possible, within thirty (30) days of the Court entering a Preliminary Approval Order, notice will be given directly by email to all Class Members for whom Defendant has provided an email address or for whom the Settlement Administrator has obtained an email address through its reasonable efforts. (*Id.* at ¶ 49.) In addition to the robust direct notice plan, the Settlement Agreement also provides for the establishment of a Settlement Website which will include relevant case documents, including the Settlement Agreement and a detailed Website Notice (with a Spanish translation). (*Id.* at ¶ 49(d).)

If the Settlement is granted final approval, monetary relief will be provided via check, PayPal, or Venmo, to all Settlement Class Members who submit a timely, valid Claim Form. (*Id.* at ¶ 31.) Checks sent to Settlement Class Members will remain valid and negotiable for 120 days from their issuance and thereafter become void if not cashed within that time period. (*Id.* at ¶ 35.) Any uncashed checks following the expiration of the 120-day period will be redistributed to Class members who cashed their checks. (*Id.*) Checks from the second distribution will remain valid and negotiable for sixty (60) days from the date on their issuance and thereafter become void if not cashed. (*Id.*) Any uncashed checks from the second distribution (or from the first distribution if a

second distribution would be administratively impractical) will be distributed to a *cy pres* recipient(s) selected by the Parties and approved by the Court. (Ex. 2, ¶ 35.)

### E.    Exclusion and Objection Procedure

The Settlement Class Members will have an opportunity to exclude themselves from the Settlement or object to its approval. The procedures and deadlines for filing opt-out requests and objections will be identified in the Email Notice sent directly to Settlement Class Members and in the Website Notice available on the Settlement Website (Ex. 2, ¶¶ 50-55.) The Notices inform Settlement Class Members that the Final Approval Hearing will be their opportunity to appear and have their objections heard. The Notices also inform Settlement Class Members that they will be bound by the Release contained in the Settlement Agreement unless they exercise their right to exclusion in a timely manner.

### F.    Release

In exchange for the relief described above, the Settlement Class Members who do not exclude themselves will provide Defendant and its affiliated entities and other Released Parties a full release of all Released Claims (as more fully described in the Settlement Agreement), including any claim based upon, connected to, or related to the Pixel Disclosure or Defendant's use of Tracking Pixels, or that were or could have been asserted in the Litigation. (Ex. 2, ¶¶ 13, 38-41.)

## IV.    <u>ARGUMENT</u>

### A.    The Terms of the Settlement are Fair, Reasonable, and Adequate and Warrant Preliminary Approval.

Fed. R. Civ. P. 23 directs the Court at this preliminary stage to only determine whether it "will be likely" to grant final approval of the proposed Settlement as "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), as revised. Approval of a proposed settlement is

committed to the sound discretion of the court. *See Berry v. Schulman*, 807 F.3d 600, 608 (4th Cir. 2015). Accordingly, the preliminary approval evaluation is not a final approval hearing. Rather, it is an evaluation to determine whether there is reason to notify the class members of the proposed settlement and to proceed with a final approval hearing. Conte & Newberg, *4 Newberg on Class Actions* § 11.25, at 38-39 (4th ed. 2002); *Armstrong v. Board of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980). The preliminary approval stage is an "initial evaluation" of the fairness of the proposed settlement based on the written submissions and informal presentation from the settling parties. *Manual for Complex Litigation,* § 21.632 (4th ed. 2004). In determining whether a settlement is fair, reasonable, and adequate, the Court must consider whether:

> (A) the class representative and class counsel have adequately represented the class;

> (B) the proposal was negotiated at arm's length;

> (C) the relief provided for the class is adequate, taking into account:

>> (i) the costs, risks, and delay of trial and appeal;

>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

>> (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

>> (iv) any agreement required to be identified under Rule 23(e)(3); and

> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Court's Rule 23(e) obligations are addressed with a "two-level analysis." *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 254 (E.D. Va. 2009). To determine whether a settlement is fair, courts consider the four factors established by the Fourth Circuit in *Jiffy Lube*: "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been

conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel[.]" *In re Jiffy Lube Securities Litigation*, 927 F.2d 155, 159 (4th Cir. 1991). To determine whether a settlement is adequate, the courts also look to: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *Id.*

An evaluation of the proposed Settlement under these enumerated factors confirms that the Settlement is fair, adequate, and reasonable. Accordingly, the Court should grant preliminary approval and allow issuance of notice to the Class.

        1.    <u>The Class Representative and Proposed Class Counsel have adequately represented the Class.</u>

Plaintiff's Counsel are highly experienced in litigating complex class actions. They have been appointed as class counsel in scores of complex class actions, including many privacy statute-related class actions, in state and federal courts across the country. (Declaration of Eugene Turin, attached hereto as <u>Exhibit 3</u>, "Turin Decl.," ¶¶ 5-10). This experience enabled Plaintiff's Counsel to provide exemplary representation for the Class in prosecuting claims and negotiating on the Class's behalf.

Proposed Class Counsel's substantial experience with complex class actions generally, and data privacy litigation in particular, helped guide the negotiations that resulted in this Settlement that Proposed Class Counsel believe is in the best interest of the Class. *In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 952 F.3d 471, 485 (4th Cir. 2020) (finding counsel's experience in complex civil litigation supported fairness of settlement); *see also Jiffy Lube*, 927 F.2d at 159 (evaluating whether parties had sufficient

information to determine whether settlement is appropriate). The proposed Settlement was negotiated between experienced attorneys for all Parties who are familiar with class action litigation in general and with the legal and factual issues of this case in particular. As detailed below, the Settlement was the result of extensive and arm's-length settlement negotiations, including mediation before Bruce Friedman of JAMS. (Turin Decl., ¶ 2.)

Likewise, the Proposed Class Representative, Plaintiff Pedro Lugo, has proven his adequacy to represent the class. He provided detailed information regarding the circumstances of his use of Defendant's websites and greatly assisted Class Counsel with the investigation of his claims. He has remained in contact with Counsel throughout the litigation, including the review of the terms of the Settlement Agreement.

The adequacy of both Class Counsel and the Class Representative supports a finding that the Court likely will approve the Settlement and that Preliminary Approval is warranted.

2.    <u>The Proposed Settlement was negotiated at arm's length after adversarial motion practice.</u>

The Proposed Settlement was negotiated by counsel following a full year of contested litigation regarding the merits of Plaintiff's claims, which included Plaintiff's thorough factual investigation. The Parties briefed and argued a motion to dismiss, which was granted in part by this Court. *See In re NeuStar, Inc. Sec. Litig.*, No. 1:14–CV– 885(JCC/TRJ), 2015 WL 5674798, at *10 (E.D. Va. Sept. 23, 2015) ("adversarial encounters dispel any apprehension of collusion between the parties[]").

Following this Court's decision on Defendant's motion to dismiss, the Parties participated in a full-day mediation session with Bruce Friedman of JAMS. On July 28, 2025, after continued arm's-length negotiations with Mr. Friedman's involvement, the Parties reached an agreement in principle on the terms of a class action settlement. For the next several months – into October 2025

9

– the Parties continued to negotiate the contours of the instant Settlement, including the appropriate relief to be provided to the Class Members, as well as the scope of the release and details about the notice to be provided to the Settlement Class Members. This factor supports a finding that the Court will likely be able to finally approve the Settlement and that preliminary approval is, thus, warranted. *See* Fed. R. Civ. P. 23(e)(2)(A) & (B) advisory committee's note ("[T]he involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests.")

      3.      <u>The relief provided for the Class is adequate.</u>

The relief offered to Class Members in the Proposed Settlement is more than adequate under the factors outlined in Rule 23(e)(2)(C).

      *i.*      *The costs, risks, and delay of trial and appeal*

The consideration provided by Defendant to effectuate the proposed Settlement Agreement is an excellent result for the Class given the risk, cost, and delay inherent in further litigation. Defendant disputes Plaintiff's allegations and denies that it is liable for any alleged harm caused to Plaintiff and/or the Class. While Plaintiff is confident in the merits of his case, the number of complex issues involved in this case, which centers on a developing area of law (third-party tracking technology/pixel litigation), creates significant uncertainty. *See, e.g.*, *Sweat v. Houston Methodist Hospital*, No. H-24-775, 2025 WL 2697111 (S.D. Tex. Sep. 22, 2025) (granting summary judgment for the defendant in a tracking pixel ECPA class action). In the absence of settlement, the time and cost of continuing litigation would be immense: the Parties would engage in lengthy discovery, contested class certification briefing, and substantial dispositive motion practice. The Parties would then prepare and try the case, and regardless of the outcome of trial, one Party would likely notice an appeal to the Fourth Circuit. This process would be very costly

and would take years to resolve, with no guarantee that the Class members would recover anything whatsoever.

In contrast, the proposed Settlement provides certain, substantial, and immediate relief to the proposed Settlement Class without delay and is within the range of reasonableness, particularly considering the risks the Plaintiff would face in continued litigation. The Settlement provides significant and immediate monetary benefits, as every Class Member who submits a valid Claim Form will receive an equal payment from a Settlement Fund totaling $3,147,390.04. In fact, the relief provided here is reasonable and directly in line with, if not greater than, the relief provided in similar class action settlements involving tracking pixels that have received final approval. *See, e.g., Reedy et. al v. Everlywell, Inc.*, 1:24-cv-02713, Dkt. 38 (N.D. Ill. Apr. 30, 2025) (approving ECPA tracking pixel class action settlement that created a $5,000,000 common fund for approximately 2,000,000 class members); *Fiorentino v. FloSports, Inc.*, Case No. 1:22-cv-11502 (D. Mass. Mar. 5, 2024) (approving tracking pixel privacy class action settlement that created a $2,625,000 common fund for approximately 639,000 class members); *Gregory v. Tubi, Inc.*, No. 2024LA0000209 (Cir. Ct. Winnebago Cnty., Ill.) (approving data privacy class action settlement establishing $19.99 million fund for approximately 75 million class members, or approximately $0.26 gross per class member).

In short, the substantial costs, risks, and delay of a trial and appeal support the finding that the proposed Settlement is adequate. After considering the range of possibilities, Plaintiff's counsel's experienced opinion is that the potential risks and rewards of continued litigation make settlement on the proposed terms the most logical, reasonable, and desirable course for Plaintiff and the Class. (Turin Decl., ¶ 3.)

11

    *ii.  The effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims.*

   The Parties have agreed to retain Epiq Class Action and Claims Solutions, Inc., an experienced and competent settlement administrator familiar with handling data privacy settlements. The 817,504 class members are specifically identifiable from Defendant's records, and notice of the settlement and its terms will be directly emailed to each of them. In addition to the direct notice plan, the Settlement Administrator will create a public-facing settlement website that will contain information about the Settlement, including instructions for filing claims, opt-out and objection procedures and deadlines, important court documents, and other relevant information, including contact information for the Settlement Administrator and Class Counsel. Valid Claimants will receive their benefits within approximately 28 days of the Effective Date of the Settlement, or as soon as practicable. This process ensures that all Class Members have an opportunity to seek relief, will have their claims assessed fairly by a competent administrator, and will receive benefits in a timely manner. This factor supports a finding that the Proposed Settlement is adequate.

    *iii.  The terms of any proposed award of attorneys' fees, including timing of payment.*

   Pursuant to the Settlement Agreement, Proposed Class Counsel have agreed, with no consideration from Defendant, to limit their fee request to no more than thirty-three percent (33%) of the Settlement Fund, plus reasonable costs and expenses. Counsel will file their Fee and Expense Application at least 21 days prior to the Objection/Exclusion Deadline, and the Fee and Expense Application will be posted on the Settlement Website. (Ex. 2, ¶ 64.) The Agreement specifies that the attorneys' fees, costs, and expenses awarded by the Court will be paid on or before 21 days after the Effective Date. (*Id*. at ¶ 33.)

Importantly, the Settlement is not conditioned upon the Court's approval of the fee award. (Ex. 2, ¶ 66.) Rather, Proposed Class Counsel will formally petition the Court for an award of fees and expenses, and a Service Award for the Class Representative. Rule 23 expressly permits the Court to "award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the Parties' agreement." *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 575 (E.D. Va. 2016) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980)); Fed. R. Civ. P. 23(h). Accordingly, the Court can, and should, conclude that it is likely to approve the Settlement for purposes of sending notice to the class, even if it has not yet concluded whether and in what amount it would award attorneys' fees and expenses.[4] The Proposed Settlement is adequate under this factor.

<em>iv.   Any agreement required to be identified under Rule 23(e)(3).</em>

Rule 23(e) mandates that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal," and that the Court must then take into account any such agreements when determining whether the relief provided in the settlement is adequate. See Fed. R. Civ. P. 23(e)(2)-(3). The Parties here have not made any agreement in connection with this proposal, other than what is set forth in the Settlement Agreement.

4.   <u>The proposed Settlement treats class members equitably.</u>

Finally, the proposed Settlement treats all class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D). All class members will have an opportunity to file a Claim Form to receive their *pro rata* share of the Settlement Fund, with no class members obtaining any greater relative benefit over another. Because each Settlement Class Member will receive an equal share

---

[4] Class Counsel will also request a Service Award for the Class Representative in an amount not to exceed $5,000. Service awards of such a size are reasonable and common. *See, e.g., In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg.* No.115MD2627AJTTRJ, 2020 WL 5757504, at *3 (E.D. Va. Sept. 4, 2020) (granting service award of $5,000). The Proposed Settlement Agreement is not conditioned on the Court's approval of this request. (Ex.1, ¶ 67.)

13

of the Settlement Fund, the proposed Settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(2)(D). This factor likewise supports a finding that the Court will be able to approve the Proposed Settlement, and that class notice is appropriate.

> **B.      The Proposed Settlement Class Meets the Requirements for Certification for Purposes of Settlement Under Fed. R. Civ. P. 23.**

Before the Court may issue notice of the proposed settlement, it must find that it will "likely be able to . . . certify the class for purposes of judgment." Fed. R. Civ. P. 23(e)(1)(B). Here, Plaintiff's and the Settlement Class Members' ECPA claims meet the requirements for class certification under Rule 23(b)(3). All Parties agree that certification is appropriate for purposes of the Court's approval of the settlement.

Class certification is proper if the proposed class, the proposed class representative, and the proposed class counsel satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a). Fed. R. Civ. P. 23(a)(1–4). In addition to meeting the requirements of Rule 23(a), plaintiffs seeking class certification must also meet at least one of the three provisions of Rule 23(b). Fed. R. Civ. P. 23(b). When plaintiffs seek class certification under Rule 23(b)(3), the representatives must demonstrate that common questions of law or fact predominate over individual issues and that a class action is superior to other methods of adjudicating the claims. Fed. R. Civ. P. 23(b)(3); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997). Because Plaintiff will meet all the Rule 23(a) and 23(b)(3) prerequisites, certification of the proposed Settlement Class is proper.

> 1.      The Proposed Settlement Class meets all prerequisites for certification under Fed. R. Civ. P. 23(a).

> *i.      The requirement of numerosity is satisfied.*

Numerosity is satisfied if "the class is so numerous that joinder of all members is

impracticable." Fed. R. Civ. P. 23(a)(1). "No specified number is needed to maintain a class action under [Rule 23]; application of the rule is to be considered in light of the particular circumstances of the case and generally, unless abuse is shown, the trial court's decision on this issue is final." *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967). Here, the Proposed Class includes 817,504 individuals, which clearly satisfies the numerosity requirement. *See Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) (finding that a class size of seventy-four satisfied the numerosity requirement).

ii.    *The requirement of commonality is satisfied.*

The second requirement for certification is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is demonstrated when the claims of all class members "depend upon a common contention . . . that is capable of class-wide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "Even a single common question will do." *Id*. at 359.

Here, all proposed Settlement Class Members' claims involve common questions of law and fact regarding Defendant's use of tracking technology. For example, whether Defendant disclosed Plaintiff's and Class Members' Private Information without their authorization through its use of tracking pixels on its websites is a common question of fact imbedded in each of their claims. Moreover, this question would be answered using common evidence regarding Defendant's tracking practices on its websites. Further, Defendant's tracking technology practices did not vary among its website visitors. Accordingly, proof regarding Defendant's alleged disclosure of Private Information is common across the proposed Settlement Class. This alone is sufficient to establish commonality.

Additional common questions include: whether Inova failed to properly implement and

configure the tracking pixels on its websites to prevent the disclosure of Private Information; whether Inova's conduct was in violation of the ECPA; and whether Class Members are entitled to damages and/or injunctive relief. Here, the sheer number and significance of the common questions are more than sufficient to meet the commonality requirement.

### iii.    The requirement of typicality is satisfied.

Rule 23(a) next requires that the class representative's claims be typical of those of the class members. Fed. R. Civ. P. 23(a)(3). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Broussard v. Meineke Disc. Muffler Shops, Inc*., 155 F.3d 331, 340 (4th Cir. 1998) (quoting *Sprague v. Gen. Motors Corp*., 133 F.3d 388, 399 (6th Cir. 1998)). In other words, the "plaintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim." *Deiter v. Microsoft Corp*., 436 F.3d 461, 466-67 (4th Cir. 2006).

Here, Plaintiff's claims and those of the Settlement Class Members arise from the same alleged conduct by Defendant. Plaintiff is typical of the proposed Settlement Class because he possesses the same interests and suffered harm from the same conduct as did the proposed Settlement Class Members: all are alleged to have had Personal Information disclosed to third parties through the Facebook or Google pixel without their authorization. They each suffered the same categories of alleged injuries, and the prosecution of the Plaintiff's claims will advance the interests of all other Settlement Class Members. Typicality is, thus, satisfied.

### iv.    The requirement of adequate representation is satisfied.

The final requirement under Rule 23(a) is that the class representative and class counsel adequately and fairly protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "The adequacy

inquiry ... serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id*. at 625–26 (quoting *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). Where the proposed class representatives "possess the same interest and suffer the same injury" as the proposed class members and "possess undivided loyalties" to them, they are adequate representatives. *Broussard*, 155 F.3d at 338 (quoting *East Tex. Motor*, 431 U.S. at 403).

Here, the Proposed Class Representative is adequate. He has no conflicts with other Settlement Class Members and has vigorously and competently represented the Class thus far in this litigation. Indeed, Plaintiff's interests are identical to the interests of the other Class Members, as it is alleged that they all had Personal Information disclosed to third parties through the Facebook or Google pixel without their authorization, and they all seek to recover damages related to the alleged disclosure. Plaintiff also has no interests that are antagonistic to, or in conflict with, the Settlement Class Members, and he has a substantial interest in the outcome of this action because he has alleged that his Personal Information was disclosed. In addition, as previously discussed, Proposed Class Counsel are active practitioners with substantial experience in consumer, privacy and data privacy litigation, who have been appointed as class counsel in dozens of class actions in state and federal courts throughout the country. As such, they can, and will, adequately and fairly represent the interests of the Class. (*See* Turin Decl., ¶¶ 5-10.)

       2.    <u>The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).</u>

Once the threshold requirements of Rule 23(a) are satisfied, the Class Representative also must show that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members" and that a class action is superior to other

available methods of adjudicating the claims. Fed. R. Civ. P. 23(b)(3).

> i.    *Common issues of law and fact predominate within the Settlement Class.*

Rule 23(b)(3)'s predominance requirement tests whether proposed classes are "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The predominance inquiry measures the relative weight of the common questions as against individual ones. *Amchem,* 521 U.S. at 624. "If the 'qualitatively overarching issue' in the litigation is common, a class may be certified notwithstanding the need to resolve individualized issues." *Souter v. Equifax Info. Servs., LLC*, 307 F.R.D 183, 214 (E.D. Va. 2015) (citing *Ealy v. Pinkerton Gov't Servs*., 514 F. App'x 299, 305 (4th Cir. 2013)). Common liability issues often predominate where class members "all assert injury from the same action." *Gray v. Hearst Commc'ns, Inc*., 444 F. App'x 698, 701–02 (4th Cir. 2011).

Common issues predominate here because the central liability question in this case – whether Inova disclosed Plaintiff's and Class Members' Private Information without their authorization through its use of tracking pixels on its websites – can be established through generalized evidence. Each of the Class Members' ECPA claims rests on the same factual basis and allegations. The common factual and legal issues predominate over individualized concerns here, where the proposed Settlement Class Members were all allegedly harmed by the same conduct with respect to Defendant's pixel usage on its websites.

With specific respect to ECPA claims, a plaintiff must establish the following elements: that the defendant (1) intentionally (2) intercepted (3) the contents of (4) plaintiff's electronic communications (5) by using an electronic, mechanical, or other device. *In re: Pharmatrak*, 329 F.3d 9, 18 (1st Cir. 2003). A plaintiff is further required to show that a defendant is liable under the ECPA as a party to the communication because its use was purposeful and could be seen as a

violation of state or federal law. 18 U.S.C. § 2511(2)(d). Each of these legal issues are common to Plaintiff and the Settlement Class and would be proven by similar factual evidence regarding Defendant's website pixel usage practices. Thus, in the context of this Settlement, common issues of law and fact predominate individualized issues.

<em>ii.    Class adjudication would be superior to other available methods.</em>

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy[.]" 7AA Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1779 (3d ed. 2005). The Court must therefore consider whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Because all of the Settlement Class Members' claims are brought pursuant to the same statute, this case is particularly suited for class treatment. Further, many Settlement Class Members may not have access to competent counsel willing to invest the time and resources necessary to prosecute their claims. This is evidenced by the fact that there are no parallel or related cases currently proceeding against Defendant under the ECPA. Because the Settlement Class Members have little incentive to bring individual actions to recover the relatively modest statutory damages available under the ECPA, they are unlikely to have an interest in individually controlling the prosecution of separate actions. It is therefore unlikely that, absent a class action, many Settlement

Class Members would be able to obtain relief through individual lawsuits. As such, adjudicating the Settlement Class Members' claims in a single proceeding will "save[] the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Gen. Tel Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982). *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (holding a class action superior where it allows the plaintiffs to pool claims that would be uneconomical to litigate individually).

Moreover, because this Litigation will end if the Parties' proposed Settlement Agreement is approved, the Court need not be concerned with issues of manageability relating to trial. When "confronted with a request for settlement only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

Accordingly, a class action is the superior method of adjudicating this action.

## V.     THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL.

When certifying a class, Rule 23 requires a court to appoint class counsel that will fairly and adequately represent the class members. Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court must consider, *inter alia*, counsel's (i) work in identifying or investigating potential claims; (ii) experience in handling class actions or other complex litigation and the types of claims asserted in the case; (iii) knowledge of the applicable law; and (iv) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i–iv).

As set forth above, Proposed Class Counsel have extensive experience in consumer, privacy, and data privacy class action cases. Proposed Class Counsel have been appointed class counsel in dozens of class actions and have successfully litigated and settled numerous data privacy class actions across the country. (Turin Decl., ¶¶ 5-9.) In addition, Proposed Class Counsel

are well qualified to litigate this case; they have spent over a year and a half litigating this case, have committed extensive efforts to negotiating and executing this Settlement Agreement and related papers, and have strongly advocated for the class. As a result of their efforts, the proposed Settlement provides considerable monetary relief for proposed Settlement Class. Proposed Class Counsel also have in-depth knowledge of the laws applicable to the Settlement Class Members' claims and certification of the Settlement Class. Accordingly, this Court should appoint Kyle McNew of Michie Hamlett PLLC, and Eugene Y. Turin, Jordan R. Frysinger, and William Kingston of McGuire Law, P.C. as Class Counsel under Rule 23(g).

## VI.    THE PROPOSED NOTICE PLAN MEETS THE REQUIREMENTS OF RULE 23 AND DUE PROCESS.

To satisfy the requirements of both Rule 23 and Due Process, Rule 23(c)(2)(B) provides that, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The notice must contain information in plain, easily understood language, including the nature of the action, the class definition(s), the claims, and the rights of class members. Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii). Rule 23(e)(1) similarly requires that notice be reasonably disseminated for those who would be bound by the court's judgment. Fed. R. Civ. P. 23(e)(1). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

As discussed above, the Parties have agreed to an effective manner and method of distributing Notice that more than satisfies the requirements of Due Process and Rule 23. Under

the notice plan, the Settlement Administrator will send direct notice of the Settlement via email to the Settlement Class Members. Defendant will provide the Settlement Administrator with the Class List, including names of the Settlement Class Members and their last known mailing addresses and email addresses. (Ex. 2, ¶ 48.) The Class List that Defendant will provide is especially trustworthy, as it is comprised of information from their own records. The Settlement Administrator will also create a Settlement Website that will contain information for proposed Settlement Class Members and provide an opportunity for proposed Settlement Class Members to submit a claim form online. (*Id*. at ¶ 49). The proposed forms of notice, the Website Notice and the Email Notice (*Id*. at ¶¶ 13m, 13kk) (attached to the Settlement Agreement as <u>Exhibits B and C</u>) ("Notices")), satisfy all of the criteria of Rule 23. The Notices are clear, straightforward, and provide Settlement Class Members with their relevant options and deadlines, including sufficient information to evaluate whether to participate in the proposed Settlement. The Notices also advise the proposed Settlement Class on how to object to the settlement, including the requested attorneys' fees and costs. The Court should find that the proposed methods for providing notice to the Class comport with both Rule 23 and Due Process considerations.

## VII.    <u>SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE.</u>

The last step in the settlement approval process is a final approval hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the proposed Settlement may explain the terms and conditions of the proposed Settlement Agreement and offer argument in support of final approval. Proposed Settlement Class Members who object to the proposed Settlement may appear and be heard. The Court will determine after the final approval hearing whether the proposed Settlement should be approved, and whether to enter a final order and judgment under Rule 23(e). The Parties request that the Court set a date for

22

a final approval hearing approximately 120 days after entry of preliminary approval.

## VIII.    **CONCLUSION**

For the foregoing reasons, Plaintiff Pedro Lugo respectfully requests that the Court enter an Order: (1) preliminarily approving the Parties' Class Action Settlement; (2) approving the form and manner of notice described above and in the Settlement Agreement; (3) directing issuance of class notice pursuant to Rule 23(e)(1); (4) appointing Pedro Lugo as Class Representative; (5) appointing Plaintiff's Counsel as Class Counsel; (6) scheduling a final approval hearing; and (7) providing such other and further relief as the Court deems reasonable and just.

Dated: October 16, 2025                    Respectfully Submitted,

PEDRO LUGO, individually and on behalf of a
class of similarly situated individuals,

By:  /s/ *Kyle McNew*
      One of Plaintiff's Attorneys


Kyle McNew (Va. Bar # 73210)
MICHIE HAMLETT PLLC
310 4th St. NE
Charlottesville, VA 22902
T: (434) 951-7234
F: (434) 951-7254
kmcnew@michiehamlett.com

Eugene Y. Turin (*pro hac vice*)
Jordan R. Frysinger (*pro hac vice*)
William Kingston (*pro hac vice*)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com
wkingston@mcgpc.com

*Attorneys for Plaintiff and the putative class*

23

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, I electronically filed the foregoing *Plaintiff's Unopposed Memorandum in Support of Preliminary Approval of Class Action Settlement* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ *Kyle McNew*