# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PEDRO LUGO, individually and on behalf of all similarly situated individuals, | ) ) ) | |
| | ) | No. 1:24-cv-00700-PTG-WEF |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Hon. Patricia T. Giles |
| INOVA HEALTH CARE SERVICES, | ) ) ) | |
| *Defendant.* | ) ) | |
| | ) | |

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement Agreement" or "Agreement") is entered into by Plaintiff Pedro Lugo ("Plaintiff"), for himself individually and on behalf of the Settlement Class, and Defendant Inova Health Care Services ("Inova" or "Defendant") (Plaintiff and Defendant together are the "Parties"), in *Lugo v. Inova Health Care Services*, No. 1:24-cv-00700-PTG-WEF, pending in the U.S. District Court for the Eastern District of Virgina. This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims upon and subject to the terms and conditions hereof, and subject to court approval.

## I.    RECITALS

1.    On April 29, 2024, Plaintiff filed his class action complaint ("Complaint") in the U.S. District Court for the Eastern District of Virgina (the "Court"), captioned *Lugo v. Inova Health*

*Care Services*, No. 1:24-cv-00700-PTG-WEF (E.D. VA.) which led to the current litigation (the "Litigation").

2.      In his Complaint, Plaintiff alleges that Defendant had used third-party tracking technologies known as "tracking pixels" or "pixels" on its Websites. Plaintiff further alleges that these pixels were used to track, record, transmit, and disseminate Plaintiff's and other Class Members' Personally Identifiable Information ("PII") and Protected Health Information ("PHI") (collectively "Private Information") to third parties, like Meta, in violation of the federal Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* ("ECPA").

3.      On July 1, 2024, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(6).

4.      On March 25, 2025, after full briefing and oral argument on Defendant's motion to dismiss, the Court denied Defendant's motion in part, allowing Plaintiff's claims under the ECPA to proceed.

5.      On April 7, 2025, following the Court's order denying Defendant's motion to dismiss, the Parties filed a joint motion to stay the case pending the outcome of mediation.

6.      On June 9, 2025, in an effort to reach a resolution to the Litigation, the Parties engaged in a full-day mediation session with Bruce Friedman of JAMS. The Parties did not reach any agreement that day but agreed to continue settlement discussions. On July 28, 2025, after continued arm's-length negotiations with the continued assistance of Mr. Friedman, the Parties reached an agreement in principle on the terms of a class action settlement, the terms of which are reflected in this Settlement Agreement.

7.    Defendant denies all claims asserted against it in this Litigation, denies all allegations of wrongdoing and liability, and denies all material allegations contained within Plaintiff's Complaint.

8.    Class Counsel (defined below) have investigated the facts relating to the claims and defenses alleged and the underlying events, have made a thorough study of the legal principles applicable to the claims and defenses asserted, and have conducted a thorough assessment of the strengths and weaknesses of the Parties' respective positions.

9.    Plaintiff and Class Counsel, on behalf of the Settlement Class (as defined below), have concluded, based upon their investigation and mediation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through trial, the risks and costs associated with further prosecution of the Litigation, the uncertainties of complex litigation, the desired outcome from continued litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Defendant on the terms set forth herein is fair and reasonable and in the best interest of Plaintiff and the Settlement Class. Plaintiff and Class Counsel believe that the Settlement reflected in this Settlement Agreement confers substantial benefits upon the Settlement Class.

10.    The Parties agree and understand that neither this Settlement Agreement, nor the Settlement it represents, shall be construed as an admission by Defendant of any wrongdoing whatsoever, including an admission of a violation of any statute or law or of liability on the claims or allegations in the Litigation or any other similar claims in other proceedings, or that any such claims would be suitable for class treatment.

11.    The Settlement Agreement is intended to fully, finally, and forever resolve all claims and causes of action asserted, or that could have been asserted, based upon the facts alleged

in the Complaint, against Defendant and the Released Parties, by and on behalf of the Plaintiff and the Settlement Class (as defined herein).

12.     The Parties, by and through their respective duly authorized counsel of record, and intending to be legally bound, hereby agree that, subject to the approval of the Court as provided for in this Agreement, the Litigation, all matters and claims in the Complaint, and all matters and claims arising out of or related to the allegations or subject matter of the Complaint and Litigation, shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the following terms and conditions.

## II.    **<u>DEFINITIONS</u>**

13.     As used herein and in the related documents attached hereto as exhibits, the following terms have the meaning specified below:

a.      "Agreement" or "Settlement Agreement" means this settlement agreement, including all exhibits hereto.

b.      "Attorneys' Fees and Expenses Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

c.      "Claim Form" means the form that each Settlement Class Member may submit to the Settlement Administrator, either by mail or online via the Settlement Website, to make a claim for compensation under this Settlement. The Claim Form shall be substantially in the form of **Exhibit A**.

d.      "Claim Deadline" means the date by which Settlement Class Members must submit a valid Claim Form to receive a cash payment under the Settlement Agreement. The Claim Deadline will be approximately eighty (80) days after the Notice Date.

e.    "Claim Payment" means the *pro rata* share of the Net Settlement Fund allocated to each Settlement Class Member who submits a valid Claim Form.

f.    "Class Counsel" means Kyle McNew of Michie Hamlett PLLC, and Eugene Y. Turin, Jordan R. Frysinger, and William Kingston of McGuire Law, P.C.

g.    "Class List" means the list of individuals from the Settlement Class which Defendant will provide to the Settlement Administrator and to whom Direct Notice will be sent.

h.    "Class Notice" or "Notice" means the notice of this Settlement, which is to be provided by Direct Notice and Website Notice.

i.    "Class Representative" means Plaintiff Pedro Lugo and/or any other Persons appointed by the Court to represent the Settlement Class for purposes of the Settlement of the Litigation.

j.    "Court" means the Honorable Patricia T. Giles of the U.S. District Court for the Eastern District of Virginia, or any other judge presiding over the pending Litigation.

k.    "Defendant" means Inova Health Care Services.

l.    "Defendant's Counsel" means Bryan T. Kostura and Timothy J. Lowe of McDonald Hopkins LLC and Laurie L. Kirkland of Blankingship & Keith, P.C.

m.    "Direct Notice" means the Class Notice substantially in the form attached as **Exhibit C**, to be sent to each email address associated with the names in the Class List, no later than the Notice Date.

n.    "Effective Date" means the date when the Settlement Agreement becomes Final.

o.    "Escrow Account" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and

Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

p.      "Final" means the latter of: (i) if there are no objectors, the date of entry of the Final Approval Order; (ii) if there are one or more objectors, the expiration of all deadlines to notice any appeal of the Final Approval Order; (iii) if there is an appeal or appeals, the completion, in a manner that finally affirms and leaves in place the judgment or order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing *en banc*, or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iv) the date or final dismissal of any appeal or the final dismissal of any proceeding on appeal with respect to the Final Approval Order.

q.      "Final Approval Hearing" means the hearing before the Court where Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Attorneys' Fee and Expenses Award, and approving a Service Award to the Class Representative.

r.      "Final Approval Order" means an Order entered by the Court that:

i.      Certifies the Settlement Class pursuant to Fed. R. Civ. P. 23;

ii.    Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Agreement;

iii.    Approves an Attorneys' Fee and Expense Award for Class Counsel;

iv.    Dismisses Plaintiff's claims pending before it with prejudice and without costs, except as explicitly provided for in this Agreement;

v.    Approves the releases provided in Section IX and orders that, as of the Effective Date, the Released Claims will be released as to the Released Parties;

vi.    Reserves jurisdiction over the Settlement and this Agreement; and

vii.    Finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

viii.    "Final Judgment" means the dismissal with prejudice of the Litigation, entered in connection with the Settlement Agreement and Final Approval Order.

s.    "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Settlement Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) any taxes owed by the Settlement Fund, (iii) any Service Awards approved by the Court, and (iv) any Attorneys' Fees and Expenses Award approved by the Court.

t.    "Notice Date" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than thirty (30) days from the Preliminary Approval Date.

u.    "Notice Program" means the notice program described in Section XI.

v.    "Objection/Exclusion Deadline" means the date by which either a written objection to this Settlement must be postmarked and filed with the Court, or a request for exclusion

submitted by a person within the Settlement Class must be postmarked or submitted electronically via the Settlement Website. The Objection/Exclusion Deadline shall be designated as a date approximately forty-nine (49) days after the Notice Date, as approved by the Court.

       w.     "Personal Information" means information that is or could be used, whether on its own or in combination with other information, to identify, locate, or contact a person.

       x.     "Pixel Disclosure" means any alleged disclosure of Personal Information or health information of Plaintiff and Settlement Class Members to Facebook, Google, or other third parties as a result of any use of Tracking Pixels on Defendant's Websites.

       y.     "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court.

       z.     "Preliminary Approval Order" means the order certifying the proposed Settlement Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice Program, and setting a date for the Final Approval Hearing, entered in a format the same as or substantially similar to that of the Proposed Preliminary Approval Order attached as **Exhibit 1** to Plaintiff's Unopposed Motion in Support of Preliminary Approval of Class Action Settlement.

       aa.     "Related Parties" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendant's and these entities' respective predecessors, successors, shareholders, members, trustees, directors, officers, employees, principals, agents, attorneys, representatives, providers, advisors, consultants, vendors, partners, insurers reinsurers, and subrogees, and includes, without limitation, any person related to any such entity who could have been named as a defendant in this Litigation.

bb.    "Released Claims" means any past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, and matured or not matured that arise out of, or are based upon or connected to, or relate in any way to the Pixel Disclosure or Defendant's use of Tracking Pixels, or that were or could have been asserted in the Litigation. Released Claims do not include the right of any Settlement Class Member or any of the Releasing Parties to enforce the terms of the Settlement contained in this Agreement.

cc.    "Released Parties" means Defendant Inova Health Care Services, Inova Health System Foundation, Inova Health System and all Related Parties.

dd.    "Releasing Parties" means Plaintiff and the Settlement Class Members, and each of their heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

ee.    "Settlement" means the settlement reflected by this Settlement Agreement.

ff.    "Settlement Administrator" means, subject to Court approval, Epiq Class Action and Claims Solutions, Inc., or another entity mutually selected and supervised by the Parties and approved by the Court to carry out the Notice Plan administer the settlement fund distribution process.

gg.    "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator in or relating to administering the Settlement, providing Class Notice,

processing Claim Forms, mailing or depositing checks for Settlement Payments, and other such related expenses, with all such expenses to be paid from the Settlement Fund.

hh.    "Settlement Class" means all individuals who may have visited an Inova public facing website at any time from April 29, 2022 through April 29, 2024 and had an Inova MyChart Account and whose Private Information could have been disclosed from the public facing website to third parties through the Facebook or Google pixel and other related tracking technology without their authorization. Defendant represents that there are approximately 817,504 individuals included in the Settlement Class. Excluded from the Settlement Class are Defendant and its affiliates, parents, subsidiaries, officers, and directors and the judges presiding over this matter and the clerks of said judges. Further excluded from the class are all individuals who have submitted claims to arbitration against Defendant relevant to the subject matter of this Litigation prior to the Court's entry of its Preliminary Approval Order.

ii.    "Settlement Class Members" means all persons who are members of the Settlement Class who do not timely and validly elect to be excluded from the Settlement Class.

jj.    "Settlement Fund" means the non-reversionary sum of $3,147,390.04 (three million one hundred and forty-seven thousand three hundred and ninety dollars and four cents) to be paid by Defendant and/or its insurer(s) as specified in this Agreement, which shall be used as the only source of payment for all costs of the Settlement. Within twenty-one (21) days of the entry of the Preliminary Approval Order, Defendant and/or its insurers shall transmit $100,000.00 (one hundred thousand dollars) to the Escrow Account established by the Settlement Administrator for funding initial Settlement Administration expenses. To the extent that any portion of those funds is not required to fund initial Settlement Administration Expenses, the Settlement Administrator shall hold such portion in the Escrow Account for funding Approved Claims. Within ten (10)

business days after the Effective Date, Defendant and/or its insurer(s) shall transmit the remaining balance of the Settlement Fund to the Escrow Account. The Settlement Fund shall satisfy all monetary obligations of Defendant and its insurer(s) (and any other Released Party) under this Settlement Agreement, including the Settlement Payments, Settlement Administration Expenses, Fee Award, the Service Award, taxes, and any other payments or other monetary obligations contemplated by this Agreement or the Settlement.

      kk.    "Settlement Website" means a dedicated website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibit B** ("Website Notice") (or any form of this notice that is approved by the Court), this Settlement Agreement, all Court documents related to the Settlement, and the ability to submit Claim Forms online. The Settlement Website shall be live and active by the Notice Date, and the URL of the Settlement Website shall be www.HealthPixelSettlement.com, or such other URL as the Parties may subsequently agree to and is approved by the Court.

      ll.    "Tracking Pixel" means the Meta Pixel, Google Analytics, other third- party pixels, and any similar web analytics technologies that allow website owners to track visitor activity on their websites.

## III.   **SETTLEMENT CLASS CERTIFICATION**

14.    For the purposes of the Settlement only, the Parties stipulate and agree that: (a) the Class shall be certified in accordance with the definition contained in this Section III (below); (b) Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (c) Plaintiff's Counsel shall be appointed as Class Counsel.

15.    Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter a Final Approval Order approving the Settlement, or if for any other reason final approval of the Settlement

does not occur, is successfully objected to, or successfully challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into. In the event that the final approval of the Settlement is not achieved: (a) any court orders preliminarily or finally approving the certification of any Class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that Defendant did not oppose the certification of a Class under this Agreement, or that the Court preliminarily approved the certification of a Class, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.

16.    Subject to the Court's approval, the following Settlement Class shall be certified for settlement purposes:

> "All individuals who may have visited an Inova public facing website from April 29, 2022 through April 29, 2024 and had an Inova MyChart Account and whose Private Information could have been disclosed from the public facing websites to third parties through the Facebook or Google pixel and other related tracking technology without their authorization."

17.    Excluded from the Settlement Class are: (a) all persons who timely and validly elect to exclude themselves from the Settlement Class; (b) the Court and staff to whom this case is assigned and any member of the Court's or staff's immediate family; and (c) any individual who has already submitted claims to arbitration against Defendant relevant to the subject matter of the Litigation prior to the Court's entry of its Preliminary Approval Order.

18.    If for any reason the Settlement is not approved, the Court does not enter a Preliminary Approval Order and/or a Final Approval Order, or final settlement and resolution of this Litigation as provided for in this Agreement is not reached, Defendant's agreement to certification of the Settlement Class shall not be used or cited for any purpose in the Litigation or otherwise, including but not limited to in any request for class certification in the Litigation or any other proceeding.

## IV.    <u>SETTLEMENT OF LITIGATION AND ALL CLAIMS AGAINST THE RELEASED PARTIES</u>

19.    Final approval of this Settlement Agreement by the Court will settle and resolve with finality, on behalf of Plaintiff and the Settlement Class, the Litigation, any related actions, the Released Claims, and any other claims that have been brought,

could have been brought, or could be brought now or at any time in the future against the Released Parties by the Releasing Parties in the Litigation, Related Actions, or any other proceeding arising out of, in any manner related to, or connected in any way with the Released Claims.

## V.    SETTLEMENT FUND

20.    **Establishment of Settlement Fund**

    a.    Defendant agrees to establish a Settlement Fund in the amount of $3,147,390.04 (three million, one hundred forty-seven, three hundred ninety dollars and four cents), which will fully resolve the Litigation on a class-wide basis. The Settlement Fund will be non-reversionary and will represent Defendant's only monetary obligations under the Settlement.

    b.    Defendant will pay the Settlement Fund in two installments. First, within twenty-one (21) days after the Preliminary Approval Date, Defendant shall submit a first installment of $100,000.00, which shall be used to cover costs related to Notice, Settlement Administrative Expenses, and other miscellaneous expenses. Second, within ten (10) days after the Effective Date, Defendant shall pay the remaining amount of the Settlement Fund.

    c.    Provided that the Court enters a Final Approval Order approving this Agreement without any material change, amendment, or modification, the Settlement Fund will be used to satisfy approved claims for Settlement Class Members in exchange for a comprehensive release and the covenants set forth in this Agreement, including, without limitation, a full, fair and complete release of all Released Parties from the Released Claims, and dismissal of the Litigation with prejudice.

    d.    All funds provided to the Settlement Administrator by Defendant under this Agreement shall be maintained by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.*, of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

    e.    If the Settlement Agreement is not finally approved for any reason, the Settlement Fund belongs to Defendant or its insurer and will remain with Defendant or its insurer less any Administrative Expenses incurred. Plaintiff and Class Counsel shall have no financial responsibility for any Administrative Expenses paid out of the Settlement Fund.

    f.    The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contributions to

the Settlement Fund shall be fixed under this Agreement and final. Defendant shall have no obligation to make further payments to the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond paying into the Settlement Fund as discussed above.

g.    The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Released Claims, the scope of the Settlement Class, and the terms and amount of the Settlement Fund.

## VI.    <u>SUBMISSION AND EVALUATION OF CLAIMS</u>

21.    In order to receive a Claim Payment, a Settlement Class Member must submit a valid Claim Form. The Claim Form must be submitted (either electronically submitted or else postmarked) on or before the Claims Deadline. The Claim Form shall be substantially in the form attached hereto as **Exhibit A**.

22.    Completed Claim Forms shall be submitted directly to the Settlement Administrator electronically via the Settlement Website, or via U.S. mail or courier service, for processing, assessment, and payment.

23.    Any Claim Form that lacks the requisite information will be deemed to be incomplete and ineligible for payment. However, for any partially completed Claim Forms, the Settlement Administrator shall attempt to contact the Settlement Class Member who submitted the Claim Form at least one time by e-mail or, if no e-mail address is available, by telephone where a telephone number is available or regular U.S. Mail (i) to inform the Settlement Class Member of any error(s) and/or omission(s) in the Claim Form and (ii) to give the Settlement Class Member an opportunity to cure any errors and/or omissions in the Claim Form. The Settlement Class Member shall have until the Claims Deadline, or fourteen (14) days after the Settlement Administrator sends the e-mail or regular mail notice to the Settlement Class Member regarding the deficiencies in the Claim Form, whichever is later, to cure the error(s) and/or omission(s) in the Claim Form.

24.    A Settlement Class Member is not entitled to a Claim Payment if he or she submits a Claim Form after the Claims Deadline, or if the Claim Form is incomplete after at least one opportunity to cure any error(s) and/or omission(s) or contains false information as set forth in Paragraph 23.

25.    Within fourteen (14) days after a Claim Form is initially submitted, the Settlement Administrator shall process and determine whether the claim is valid and initially approved or if it is initially rejected. The Settlement Administrator may accept or reject any Claim Form submitted, and may, upon its sole discretion, request

additional information from the claimant or Defendant's Counsel prior to initially rejecting or accepting any Claim Form submitted. The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse and/or fraud, and shall deny Claim Forms which are incomplete and/or where there is evidence of abuse and/or fraud.

26.    Beginning no later than fourteen (14) days after the Notice Date, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement, which report shall, at a minimum, (i) include the number of claims initially approved; (ii) include the number of claims initially rejected; and (iii) identify those initially approved claims from claimants who did not appear on the Class List.

27.    Within twenty-one (21) days of the Claims Deadline, the Settlement Administrator will submit to Counsel for the Parties a report sufficient to show the number of initially approved claims, with each initially approved claim being identifiable by a claim number ("Initially Approved Claims List"). Within twenty-one (21) days after the Claims Deadline, the Settlement Administrator will also submit to the Counsel for the Parties a report sufficient to show the number of, and reason for, initially rejected claims, with each initially rejected claim being identifiable by a claim number ("Initially Rejected Claims List").

28.    Counsel for the Parties shall have seven (7) days from receipt of the Initially Approved Claims List and the Initially Rejected Claims List to seek clarification about the rationale for the Settlement Administrator's approval or rejection of any claim. The Settlement Administrator will then have fourteen (14) days to make any changes, at its sole discretion, to its claim approval and rejection decisions, on which date the claim determinations will be final ("Claims Finalization Date").

29.    Upon request of either of the Parties, within seven (7) days of the Claims Finalization Date, the Settlement Administrator shall provide Counsel for the Parties a spreadsheet setting forth the claim number for each approved claim (the "Final Claims List").

30.    No person or entity shall have any claim against the Plaintiff, Class Counsel, the Settlement Administrator, or any other agent designated by Class Counsel, or the Released Parties and/or Counsel, arising from distributions made substantially in accordance with this Agreement. The Parties and Counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

## VII.   TIMING OF PAYMENTS FROM SETTLEMENT FUND

31.    A Settlement Class Member who timely submits a valid Claim Form will be entitled to a Claim Payment. Each Settlement Class Member who timely submits a valid Claim Form shall receive the same amount of the Net Settlement Fund as each other Settlement Class Member who timely submits a valid Claim Form.

32.    On or before twenty-eight (28) days after the Effective Date, or as soon as practicable, the Settlement Administrator shall send a check by First Class U.S. Mail to all Settlement Class Members who submit a Claim Form that is validated by the Settlement Administrator. Each claimant will receive an amount equal to such claimant's *pro rata* share of the Net Settlement Fund.

33.    On or before twenty-one (21) days after the Effective Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Fund the amount awarded by the Court in the Attorneys' Fee and Expenses Award. The Attorneys' Fee and Expenses Award shall be paid from the Settlement Fund via electronic wire transfer to an account designated by Class Counsel.

34.    On or before twenty-one (21) days after the Effective Date, the Settlement Administrator shall pay the Service Award from the Settlement Fund by check made payable to Plaintiff and mailed to the address identified on the W-9 tax form provided by Plaintiff to the Settlement Administrator in advance thereto.

35.    Checks sent to Settlement Class Members shall remain valid and negotiable for 120 days from the date of their issuance and will thereafter become void if not cashed within that time period. If administratively practical, the amount of any uncashed checks following expiration of the 120-day period will be redistributed to Class members who cashed their checks. Checks from any second distribution shall remain valid and negotiable for sixty (60) days from the date of their issuance and will thereafter become void if not cashed within that time period. Any uncashed checks and/or unclaimed funds after the second distribution of checks (or following the first distribution if only one distribution is made) will be distributed as *cy pres* to a *cy pres* recipient(s) selected by the Parties and approved by the Court.

36.    The Court may revise the *cy pres* provision as necessary without terminating or otherwise impacting this Settlement Agreement, provided the Court's revision does not increase the amount that Defendant would otherwise pay under this Settlement Agreement. No amount of the Settlement Fund will revert to Defendant or its insurer.

## VIII.   NON-MONETARY RELIEF

37.    Without admitting any liability, Defendant agrees to implement all remedial measures necessary to ensure its use of Tracking Pixels materially complies with

the ECPA and the Health Insurance Accountability Act (HIPAA), provided that nothing shall limit its right to use such technologies consistent with that guidance or when otherwise authorized by patients, pursuant to a valid business associate agreement, ort as otherwise permitted by the ECPA and HIPAA.

IX.    **RELEASE**

38.    On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, the Releasing Parties, including Plaintiff and each Settlement Class Member, will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Parties from any and all Released Claims.

39.    As of the Effective Date, and with the approval of the Court, all Releasing Parties hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel all Released Claims against the Released Parties. As of the Effective Date, all Releasing Parties will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any of the Released Claims.

40.    The Released Parties waive any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Agreement.

41.    The Released Parties do not admit any liability or wrongdoing. The Settlement Agreement may not be construed in whole or in part as an admission of fault, liability, or wrongdoing by the Released Parties. The Released Parties agree to this Settlement Agreement to avoid the burden and expense of litigation without in any way acknowledging any fault, liability, or wrongdoing of any kind.

X.    **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

42.    This Settlement Agreement shall be subject to approval of the Court. As set forth in Section XVI, Defendant shall have the right to withdraw from the Settlement if the Court does not approve the material aspects of the Settlement Agreement.

43.    Plaintiff, through Class Counsel, shall submit this Agreement, together with its Exhibits, to the Court and shall move the Court for preliminary approval of the Settlement set forth in this Agreement, conditional certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order. The Preliminary Approval Order shall set a Final Approval Hearing date and approve the Notices for dissemination in accordance with the applicable notice provisions of this Agreement. Defendant will not oppose Plaintiff's motion for entry of the Preliminary Approval Order. Plaintiff will share

a draft of the motion for entry of the Preliminary Approval Order with Defendant at least seven (7) calendar days prior to filing.

44.     At the hearing on Plaintiff's unopposed motion for entry of the Preliminary Approval Order, the Parties will jointly appear and support the granting of the unopposed motion for entry of the Preliminary Approval Order.

45.     Should the Court decline to preliminarily approve any material aspect of the Settlement Agreement, the Settlement Agreement will be null and void, the Parties will have no further obligations under the Agreement, and the Parties will revert to their prior positions in the Litigation as if the Settlement had not occurred.

46.     At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing approximately 120 days after entry of the Preliminary Approval Order to approve the Settlement of the Litigation as set forth herein.

47.     At least ten (10) days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for, and file a memorandum in support of her motion for: (i) final approval of the Settlement; (ii) final appointment of the Class Representative and Class Counsel; and (iii) final certification of the Settlement Class, including for the entry of a Final Approval Order and judgment. Plaintiff will share a draft of this motion for final approval of the Settlement with Defendant at least seven (7) calendar days prior to filing.

## XI.    **NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS**

48.     **Class List**

a.      Defendant, with the assistance of the Settlement Administrator as appropriate, shall create a class list, in electronic form, based on readily available information already within its possession ("Class List").

b.      The Class List shall include the names of the Settlement Class Members and their last known mailing addresses and email addresses, to the extent such information exists. Defendant shall provide the Class List to the Settlement Administrator within seven (7) days after entry of the Preliminary Approval Order. The Class List will be provided by Defendant to the Settlement Administrator for the purpose of giving notice to the Settlement Class Members and will be kept confidential by the Settlement Administrator. Notwithstanding the foregoing, within one (1) business day of receiving the Class List, the Settlement Administrator shall inform Class Counsel how many individuals are listed on it.

49.    **Type of Notice Required**

    a.    The Notices, which shall be substantially in the form of Exhibits B and C attached hereto, shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending Settlement, and to further inform Settlement Class Members how they may: (a) protect their rights regarding the Settlement; (b) request exclusion from the Settlement Class and the proposed Settlement, if desired; (c) object to any aspect of the proposed Settlement, if desired; and (d) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

    b.    Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the forms attached as Exhibits B and C hereto.

    c.    On or before the Notice Date, individual Direct Notice (substantially in the form of Exhibit C), along with a Claim Form, shall be sent via email to the email addresses in the Class List provided by Defendant. If no email is identified with a Settlement Class Member, the Settlement Administrator shall take reasonable steps to obtain a valid email address. If any email bounces back or is otherwise deemed undeliverable, the Settlement Administrator will take reasonable steps to obtain a valid email address and will make a second attempt to send the email within 14 days of the Notice Date, or as soon after the Notice Date as practicable. Other than as set forth herein, neither the Parties nor the Settlement Administrator shall have any obligation to re-email the Notice.

    d.    Notice of the Settlement (substantially in the form of Exhibit B) shall be posted to the Settlement Website by the Notice Date.

## XII.   EXCLUSIONS

50.    **Exclusion Period**

    a.    Settlement Class Members will have up to the Objection/Exclusion Deadline to exclude themselves from the Settlement in accordance with this Section XII. If the Settlement is finally approved by the Court, all Settlement Class Members who have not opted out, as provided in the following paragraph, by the end of the Objection/Exclusion Deadline will be bound by the Settlement and will be deemed a Releasing Party as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for any and all Released Claims.

51.  **Exclusion Process**

a.  A proposed member of the Settlement Class may request in writing to be excluded from the Settlement Class. The request must be postmarked, or submitted electronically via the Settlement Website, on or before the Objection/Exclusion Deadline.

b.  In order to exercise the right to be excluded, a proposed member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her (i) name, address, telephone number, and email address; (ii) the case name and number of this Litigation, (iii) a statement that he/she wishes to be excluded from the Settlement Class; and (iv) his/her signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not electronically submitted or postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as a Settlement Class Member by the Agreement, if approved.

c.  Any proposed member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Settlement or any order or judgment of the Litigation; (ii) be entitled to relief under this Settlement Agreement; or (iii) gain any rights by virtue of this Settlement Agreement. A proposed member of the Settlement Class who requests to be excluded from the Settlement Class also cannot object to the Settlement Agreement. Any proposed member of the Settlement Class who attempts to both object to and exclude himself/herself from this Settlement Agreement will be deemed to have excluded himself/herself and will forfeit the right to object to the Settlement or any of its terms.

d.  The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

e.  Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

f.  A list reflecting all individuals who timely and validly excluded themselves from the Settlement shall also be filed with the Court with the motion for final approval of the Settlement.

## XIII.  **OBJECTIONS**

52.    The Notices shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notices shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time: (i) file copies of such papers he/she proposes to submit at the Final Approval Hearing with the Clerk of the Court; and (ii) send copies of such papers via U.S. Mail, hand delivery, or overnight delivery to both Class Counsel and Defendant's Counsel. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections and any other communication relating to this Settlement.

53.    Any Settlement Class Member who intends to object to this Settlement must include in any such objection:(a) his/her full name, address, email address, and current telephone number; (b) the case name and number of this Litigation; (c) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (d) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last five years; and (e) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

54.    Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Agreement shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

55.    Settlement Class Members cannot both object to and exclude themselves from this Settlement Agreement. If a Settlement Class Member files an objection and an exclusion request, the Settlement Administrator shall attempt to contact the Settlement Class Member at least one time by telephone or U.S. Mail to give him/her an opportunity to clarify whether he/she chooses to exclude himself/herself or proceed with the objection. The Settlement Class Member shall have until five (5) days after the Objection/Exclusion deadline to inform the Settlement Administrator

regarding his/her final choice. To the extent no final choice is made, the individual will be considered to have excluded themselves from the Settlement Agreement.

## XIV.  **FINAL APPROVAL HEARING**

56.  At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and, if so: (i) consider any properly-filed objections; (ii) determine whether the Settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connections therewith; and (iii) enter the Final Approval Order in accordance with Section XV below.

## XV.  **FINAL APPROVAL ORDER**

57.  The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions or stipulation to implement this Section XV shall, among other things, seek dismissal with prejudice and waiving any rights of appeal.

58.  The Parties shall jointly submit to the Court a proposed Final Approval Order that, without limitation:

   a.  Approves finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Fed. R. Civ. P. 23, and directing its consummation according to its terms;

   b.  Dismisses, with prejudice, all Released Claims of the Settlement Class against Defendant in the Litigation, with each party to bear their own costs and fees (except as explicitly provided for in this Agreement); and

   c.  Reserves continuing and exclusive jurisdiction over the Settlement and this Agreement, including but not limited to the Litigation, the Settlement Class, the Settlement Class Members, and the Parties for the purposes of administering, consummating, supervising, construing and enforcing the Settlement Agreement and the Settlement Fund.

59.  The Parties and their respective Counsel shall use their best efforts and take all steps necessary and appropriate to otherwise effectuate all aspects of this Agreement, and to obtain dismissal with prejudice of the Litigation.

60.  Final approval of the Settlement by the Court will settle and resolve with finality on behalf of the Releasing Parties the Litigation and the Released Claims against the Released Parties. The Settlement Agreement and release of Released Claims

will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and their respective predecessors, successors, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing.

## XVI.    TERMINATION OF THE SETTLEMENT

61.    The Settlement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, amendments, or modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties). All Exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, either Party may elect to terminate and cancel this Settlement Agreement within ten (10) days of any of the following events:

a.    This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

b.    The Court refuses to grant preliminary approval of this Agreement in any material respect;

c.    The Court refuses to grant final approval of this Agreement in any material respect;

d.    The Court refuses to enter a final judgment in this Litigation in any material respect; or

e.    The Court's order granting preliminary or final approval is substantially modified or reversed.

62.    In addition, Defendant may elect to terminate and cancel this Settlement if more than 5% of the Settlement Class Members timely and validly exclude themselves from the Settlement.

63.    In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with the provisions herein, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Litigation.

## XVII.    ATTORNEYS' FEES, COSTS AND EXPENSES, AND SERVICE AWARD

64.    At least twenty-one (21) days prior to the Objection/Exclusion Deadline, Class Counsel will file a Fee and Expense Application that seeks an award of attorneys' fees plus their reasonable costs and expenses.

65.    The amount of the Attorneys' Fee and Expenses Award shall be determined by the Court based on a petition from Class Counsel. Class Counsel have agreed, with no consideration from Defendant, to limit their fee request to no more than thirty-three percent (33%) of the Settlement Fund, plus reasonable costs and expenses. Payment of the Attorneys' Fee and Expenses Award shall be made from the Settlement Fund. Should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section XVII shall remain in the Settlement Fund and be distributed to Settlement Class Members.

66.    Notwithstanding any contrary provision of this Agreement, the Court's consideration of the Attorneys' Fee and Expenses Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

67.    Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall move the Court for a Service Award for the Class Representative in an amount not to exceed $5,000.00 (five thousand dollars), and Defendant agrees that it will not oppose such a request. Should the Court award less than the amount sought for the Service Award, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members, and any award that is less than the amount sought herein shall not operate to terminate or cancel this Agreement or be deemed material thereto.

68.    Class Counsel shall provide the Settlement Administrator with its completed IRS Form W-9 before the payment of the Attorneys' Fee and Expenses Award is due. The Class Representative shall provide the Settlement Administrator with her completed IRS Form W-9 before payment of the Service Award is due.

69.    In no event will Defendant's liability for attorneys' fees, expenses, and costs, Settlement Administrative Expenses, and/or a Service Award exceed its funding obligations set out in this Agreement. Defendant shall have no financial responsibility for this Settlement Agreement outside of the Settlement Fund. Defendant shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class. Defendant will have no responsibility, obligation, or liability for allocation of the Attorneys' Fee and Expenses Award, Settlement Administrative Expenses, the Service Award, or any other costs, fees, and/or expenses among Class Counsel, Plaintiff, and/or Class Members, except for payment into the Settlement Fund.

## XVIII. <u>MISCELLANEOUS REPRESENTATIONS</u>

70.    For income tax purposes, the Parties agree that payments made pursuant to this Agreement shall be allocated as statutory penalties and shall not be subject to required withholdings and deductions and may be reported as non-wage income, or as otherwise required by law. If required by IRS regulations, the Settlement Administrator shall issue to each Settlement Class Member who cashes a Settlement Check, and the Class Representative who cashes any Class Representative Award, an IRS Form 1099. Other than the reporting requirements herein, Settlement Class Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement. It is understood and agreed that Defendant takes no position and offers no advice regarding how any Settlement Class Member chooses to treat any payment made hereunder for tax or any other purpose.  It is also understood and agreed that Defendant is not liable for any tax payments or penalties associated with the settlement payments made as part of this settlement.

71.    Each Party to this Settlement Agreement acknowledges and agrees that (a) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (b) each Party (i) has relied exclusively upon his, her or its own independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (ii) has not entered into this Settlement Agreement based upon the recommendation of any Party or any attorney or advisor to any other Party, and (iii) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (c) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.

72.    The Parties agree that the Settlement Agreement provides fair, equitable and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given Settlement Class Member related to the Released Claims.

73.    The Parties: (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree, subject to their fiduciary and other legal obligations, to

cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking the Court's entry/approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

74.    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class against the Released Parties. Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

75.    Nothing express or implied in this Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Released Parties, and Settlement Class Members any right or remedy under or by reason of this Agreement. Each of the Released Parties is an intended third-party beneficiary of this Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her or its favor against all Releasing Parties.

76.    The Parties have relied upon the advice and representation of counsel, selected by themselves, concerning their respective legal rights and liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection, and intend to be legally bound by this Settlement Agreement.

77.    Any headings used herein are used for the purpose of convenience only and are not meant to have any legal effect.

78.    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

79.    This Agreement, including its Exhibits, set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

80.     This Agreement may not be amended, modified, altered, or otherwise changed in any manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

81.     The Parties agree that Exhibits A through C to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

82.     The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time and/or changes of deadlines to carry out the provisions of the Agreement.

83.     Except as otherwise provided herein, each Party shall bear her or its own costs and fees.

84.     Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

85.     The Parties represent that they have obtained the requisite authority to enter into this Settlement Agreement in a manner that binds all Parties to its terms.

86.     The Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents, shall be considered a compromise within the meaning of Fed. R. Evid. 408, and any other equivalent or similar rule of evidence, and shall not: (a) constitute, be construed, be offered, or be received into evidence for any purpose, including, without limitation, as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party; or (b) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

87.     The Parties also agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement, are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for purposes of this Settlement.

88.     This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, shall be inadmissible for any

purposes, including, without limitation, as evidence of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Approval Order.

89.    The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely: (a) to enforce the terms and provisions of this Agreement; (b) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto; (c) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case; (d) in connection with any motion to enjoin, stay or dismiss any other Related Action; and/or (e) to obtain the Court's approval of the Settlement Agreement.

90.    Except as provided herein, there shall be no comments made to the press or any third party, or any other disclosure by or through the Parties or their attorneys or agents, comprising opinions as to the Litigation. Plaintiff, Class Counsel, and Defendant shall not make any public statement, including any statement to the press, regarding the Settlement Agreement or settlement aside from the following agreed upon statement: "The Defendant denies all allegations of wrongdoing and liability and they entered into this settlement to avoid the costs and risks associated with litigation.  To that end, [The Parties] have reached a proposed agreement and look forward to the Court's review and decision" or words to that effect. This paragraph shall not be construed to limit or impede the notice requirements of Section XI above or any other requirements in this Agreement; nor shall this paragraph be construed to prevent Class Counsel or Defendant's Counsel from notifying or explaining to potential Settlement Class Members or others that this case has settled and how to obtain settlement benefits; nor shall this paragraph limit the representations that the Parties or Counsel for the Parties may make to the Court to assist in its evaluation of the proposed settlement; nor shall this paragraph limit Defendant's ability to discuss in a confidential manner the terms of this settlement with its clients, agents, insurance carrier, attorneys, accountants, and business partners. If a Party is required by a valid, enforceable subpoena or government information request to disclose information about the Settlement, such Party shall provide reasonable prior notice (to the extent permitted by applicable law) to the other Party to allow the other Party to seek to prevent such disclosure. A Party may also provide necessary and accurate information about the Settlement to its shareholders and other persons or entities as required by securities laws or other applicable laws or regulations.

91.     This Agreement may be executed in one or more counterparts exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that Counsel for the Parties to this Agreement all exchange signed counterparts.

92.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

93.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties hereby submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

94.     This Agreement shall be governed by and construed in accordance with the laws of the state of Virginia without regard to its conflict of laws provision.

95.     This Agreement is deemed to have been prepared by Counsel for all Parties as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement and its Exhibits, it shall not be construed more strictly against one Party than the other.

96.     Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

| If to Class Counsel: | If to Defendant's Counsel: |
|---|---|
| Eugene Y. Turin | Bryan T. Kostura |
| Jordan R. Frysinger | Timothy J. Lowe |
| MCGUIRE LAW, P.C. | McDONALD HOPKINS LLC |
| 55 W. Wacker Drive, 9th Floor | 600 Superior Ave., East Suite 2100 |
| Chicago, IL 60601 | Cleveland, Ohio 44114 |
| Tel: (312) 893-7002 | Tel: (216) 348-5400 |
| eturin@mcgpc.com | bkostura@mcdonaldhopkins.com |
| jfrysinger@mcgpc.com | tlowe@mcdonaldhopkins.com |
| | |
| Kyle McNew | Laurie L. Kirkland, |
| MICHIE HAMLEET PLLC | BLANKINGSHIP &; KEITH, P.C. |
| 310 4th St. NE | 4020 University Drive, Suite 300 |
| Charlottesville, VA 22902 | Fairfax, Virginia 22030 |
| Tel: (434) 951-7234 | Tel: (703) 691-1235 |
| kmcnew@michiehamlett.com | lkirkland@bklawva.com |

97.     This Agreement shall be deemed executed as of the date that the last Party signatory signs the Agreement.

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

PEDRO LUGO, individually
and as a Class Representative

Signature: _Pedro A Lugo_

Print Name: Pedro A Lugo

Date: 10/16/2025

INOVA HEALTH CARE SERVICES

Signature: _____

Print Name: _____

Date: _____

MCGUIRE LAW, P.C.,
as Class Counsel

Signature: _Jordan R. Frysinger_

Print Name: Jordan R. Frysinger

Date: October 15, 2025

McDONALD HOPKINS LLC, as Defendant's
Counsel

Signature: _____

Print Name: _____

Date: _____

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

PEDRO LUGO, individually
and as a Class Representative

Signature: _____

Print Name: _____

Date: _____

INOVA HEALTH CARE SERVICES

Signature: _____

Print Name: _John Gaul_____

Date: _10/16/2025_____

MCGUIRE LAW, P.C.,
as Class Counsel

Signature: _____

Print Name: _____

Date: _____

McDONALD HOPKINS LLC, as Defendant's
Counsel

Signature: _____

Print Name: _Bryan T. Kostura_____

Date: _10/16/25_____

# EXHIBIT A

*Lugo v. Inova Health Care Services*

In the United States District Court, Eastern District of Virginia, Alexandria Division

Case No. 1:24-cv-00700-PTG-WEF

# <u>Settlement Claim Form</u>

> **TO RECEIVE A CASH PAYMENT FROM THE SETTLEMENT FUND, YOU MUST COMPLETE THIS CLAIM FORM AND SUBMIT IT ONLINE BY _____, 2025 OR BY MAIL POSTMARKED BY _____, 2025.**

Please read the full notice of this settlement (available at **[www.HealthPixelSettlement.com]**) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail. Each Settlement Class Member is entitled to submit only one claim form.

> **<u>ONLINE</u>:** Submit a Claim Form at [**www.HealthPixelSettlement.com**].

> **<u>MAIL</u>**: **[ADDRESS]**

## PART ONE: CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

**FIRST NAME**          **LAST NAME**

**STREET ADDRESS**

**CITY**          **STATE**   **ZIP CODE**

**EMAIL ADDRESS ASSOCIATED WITH YOUR INOVA MYCHART PATIENT PORTAL**

## PART TWO:   PAYMENT SELECTION

You may be entitled to receive a cash payment if you reside in the United States and visited an Inova public facing website at any time from April 29, 2022 to April 29, 2024 and had an Inova MyChart account.

Please select **one** of the following payment options:

Check ☐

Venmo ☐    Venmo Username: _____

PayPal ☐    PayPal Email: _____

## PART THREE: ATTESTATION

I hereby certify that the information supplied in this Claim Form is true and correct to the best of my knowledge. I certify that I reside in the United States and visited an Inova public facing website at any time from April 29, 2022 to April 29, 2024 and had an Inova MyChart Account (at the email address provided above) while I was in the United States.

I understand that my Claim Form may be subject to audit, verification, and review and that if it is incomplete, untimely, or contains false information, it may be rejected.

|  |  |
| --- | --- |
| **SIGNATURE** | **DATE** |

Please keep a copy of your Claim Form for your records.

*Remember that this Claim Form must be submitted at www.HealthPixelWebsite.com, or mailed and postmarked, no later than _____, 2025.*

# EXHIBIT B

U̲N̲I̲T̲E̲D̲ S̲T̲A̲T̲E̲S̲ D̲I̲S̲T̲R̲I̲C̲T̲ C̲O̲U̲R̲T̲, E̲A̲S̲T̲E̲R̲N̲ D̲I̲S̲T̲R̲I̲C̲T̲ O̲F̲ V̲I̲R̲G̲I̲N̲I̲A̲, A̲L̲E̲X̲A̲N̲D̲R̲I̲A̲ D̲I̲V̲I̲S̲I̲O̲N̲
*Lugo v. Inova Health Care Services, Case No. 1:24-cv-00700-PTG-WEF*

**If You Visited An Inova Public Facing Website At Any Time From April 29, 2022 Through April 29, 2024 And Had An Inova MyChart Account, You May Be Entitled To A Payment From A Class Action Settlement.**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*
*Para una notificación en Espanol, visitor www.HealthPixelSettlement.com.*

- This notice is to inform you that a settlement has been reached in a class action lawsuit entitled *Lugo v. Inova Health Care Services*, Case No. 1:24-cv-00700-PTG-WEF, pending in the United States District Court of the Eastern Division of Virginia, Alexandria Division. The lawsuit alleges that Defendant, Inova Health Care Services ("Defendant" or "Inova"), collected and disclosed its patients' Personally Identifiable Information ("PII") and Protected Health Information ("PHI") (collectively "Private Information") through its use of third-party tracking technologies known as tracking pixels on its public facing websites in violation of the federal Electronic Communications Privacy Act (the "ECPA"). Defendant maintains that it has not disclosed any of its patients' Private Information, and disputes that the information collected is information protected under the Health Insurance Portability and Accountability Act ("HIPAA"), but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing to litigate this case.

- You may be a Settlement Class Member entitled to payment from this Settlement if you are a person in the United States who visited an Inova public facing website at any time from April 29, 2022 to April 29, 2024 and had an Inova MyChart Account.

- If the Settlement is approved by the Court, each Settlement Class Member who submits an Approved Claim will receive an equal cash payment from the Settlement Fund.

- Read this notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the **only** way to receive a payment. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE FINAL APPROVAL HEARING BY [DATE]** | Ask to speak in Court about your opinion of the Settlement. |

| DO NOTHING | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |
|---|---|

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice, so please review it carefully.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Patricia T. Giles of the United States District Court, Eastern District of Virginia, Alexandria Division, is overseeing this case. The case is called *Lugo v. Inova Health Care Services*, Case No. 1:24-ccv-00700-PTG-WEF. The person who has sued is called the Plaintiff. The Defendant is Inova Health Care Services.

### 2. What is a class action?

In a class action, one or more people called the class representative (in this case, Pedro Lugo) sues on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Settlement Class.

### 3. What is this lawsuit about?

The lawsuit alleges that Defendant, Inova Health Care Services, collected and disclosed its patients' Personally Identifiable Information ("PII") and Protected Health Information ("PHI") (collectively "Private Information") through its use of third-party tracking technologies known as tracking pixels on its public facing websites, in violation of the federal Electronic Communications Privacy Act (the "ECPA"). Defendant maintains that it has not disclosed any of its patients' Private Information.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation and related appeals, and Settlement Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

**5. How do I know if I am in the Settlement Class?**

The **Settlement Class** is defined as:

All individuals who may have visited an Inova public facing website at any time from April 29, 2022 through April 29, 2024 and had an Inova MyChart Account and whose Private Information could have been disclosed from the public facing websites to third parties through the Facebook or Google pixel and other related tracking technology without their authorization.

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

Monetary Relief: If the Settlement is approved by the Court, Defendant will make available up to $3,147,390.04 as a Settlement Fund to fully resolve the Litigation on a class-wide basis. The Settlement Fund will be non-reversionary and will represent Defendant's only monetary obligations under the Settlement. The Settlement Fund will pay all Approved Claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and a service award to the Class Representative.

Prospective Changes: In addition to this monetary relief, Defendant will implement all remedial measures necessary to ensure its use of Tracking Pixels materially complies with the ECPA and the Health Insurance Accountability Act (HIPAA), provided that nothing shall limit its right to use such technologies consistent with that guidance or when otherwise authorized by patients, pursuant to a valid business associate agreement, ort as otherwise permitted by the ECPA and HIPAA.

**7. How much will my payment be?**

If you are member of the Settlement Class, you may submit a Claim Form to receive a cash payment from the Settlement Fund. Each Class Member who submits an Approved Claim will receive an equal payment from the Settlement Fund after deductions for notice and administration expenses, Court-approved attorneys' fees and costs, and a service award. The per-person amount is unknown at this time and will be based primarily on how many Approved Claims are submitted.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for **[Final Approval Hearing Date]**. If the Court approves the settlement, eligible Settlement Class Members whose claims were approved by the Settlement Administrator will be sent their payment approximately 28 days after the Effective Date of the Settlement. The payment will be made in the form of a check, Venmo or PayPal (as chosen on the Claim Form), and all checks will expire and become void 120 days after they are issued.

## HOW TO GET BENEFITS

**9. How do I get a payment?**

If you are a Settlement Class Member and you want to receive a payment, you **must** complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found on the Settlement Website, www.HealthPixelSettlement.com, and can be submitted on that website, or by printing and mailing a paper Claim Form to the Settlement Administrator at _____.

We also encourage you to submit your claim online. Not only is it easier and more secure, but it is completely free and takes only minutes! Claim Forms must be electronically submitted, or postmarked, by the **Claims Deadline**. *Submitting a timely, valid Claim Form is the only thing you need to do to receive a monetary benefit from the Settlement.*

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant. You will be "releasing" the Defendant and certain of its affiliates described in Section IX of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website [hyperlink].

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can talk to your own lawyer if you have questions about what this means.

| 11. What happens if I do nothing at all? |
| --- |

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in the case? |
| --- |

The Court has appointed Kyle McNew of Michie Hamlett PLLC, and Eugene Y. Turin, Jordan R. Frysinger, and William Kingston of McGuire Law, P.C. to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will <u>not</u> be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. You may contact Class Counsel using the information listed below:

Jordan R. Frysinger
MCGUIRE LAW, P.C
55 W. Wacker Dr., 9th Floor Chicago, IL 60601
Tel: 312-893-7002
jfrysinger@mcgpc.com

| 13. How will the lawyers be paid? |
| --- |

Class Counsel's attorneys' fees, costs, and expenses will be paid in an amount determined and awarded by the Court. Class Counsel will seek up to 33% of the $3,147,390.04 Settlement Fund, plus their litigation costs and expenses, for their efforts in prosecuting this matter and achieving this settlement, but the Court may award less than this amount.

The Class Representative will also seek a service award of up to $5,000, to be paid from the Settlement Fund, for helping to bring and settle the case.

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees as well as the Class Representative's requests for a service award by [21 days prior to objection deadline].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 14. How do I get out of the Settlement? |
| --- |

To exclude yourself from the Settlement, you must email or mail a letter (or request for exclusion) stating that you want to be excluded from the *Lugo v. Inova Health Care*

*Services*, Case No. 1:24-cv-00700-PTG-WEF settlement. Your letter or request for exclusion must also include: (1) your name, your address, telephone number, and email address; (2) the case name and number of this Litigation, (3) a statement that you wish to be excluded from the Settlement Class; and (4) your signature. You must submit your exclusion request online at www.HealthPixelSettlment.com, or mail your exclusion request postmarked, no later than **[objection/exclusion deadline]** to:

Inova Pixel Settlement
0000 Street
City, ST 00000

## 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

## 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits. You cannot submit a Claim Form and cannot obtain any monetary benefits from the Settlement if you exclude yourself from the Settlement.

### OBJECTING TO THE SETTLEMENT

## 17. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Lugo v. Inova Health Care Services*, Case No. 1:24-cv-00700-PTG-WEF and include: (1) your full name, address, email address, and current telephone number; (2) the case name and number of this Litigation; (3) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (4) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last five years; and (4) your signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If you intend on appearing at the Final Approval Hearing, either with or without counsel, you must state as such in the written objection, and must also identify any witnesses you may call to testify at the Final Approval Hearing and all exhibits you intend to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail

a copy to these to the addresses listed below for Class Counsel and Defendant's Counsel postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon. Patricia T. Giles<br>Clerk's Office<br>Albert V. Bryan U.S. Courthouse<br>Room 801<br>401 Courthouse Square, Alexandria VA 22314 | Eugene Y. Turin<br>Jordan R. Frysinger<br>McGuire Law, P.C.<br>55 W. Wacker Drive, 9th Fl<br>Chicago, IL 60601<br><br>Kyle McNew<br>Michie Hamlett PLLC<br>310 4th St. NE<br>Charlottesville, VA 22902 | Bryan T. Kostura<br>Timothy J. Lowe<br>McDonald Hopkins LLC<br>600 Superior Ave., East Suite 2100 Cleveland, Ohio 44114<br><br>Laurie L. Kirkland<br>Blankingship & Keith, P.C.<br>4020 University Drive, Suite 300<br>Fairfax, VA 22030 |

## 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you. You cannot both exclude yourself and object to the Settlement. If you attempt to do both, your objection will be considered invalid, and you will be treated as if you excluded yourself from the Settlement

# THE COURT'S FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on **Month ___, 2026** in Courtroom 801 at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a service award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check the Settlement Website, www.HealthPixelSettlement.com, for updates. If, however, you timely objected to the Settlement and advised the Court that you intend

to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time and otherwise complied with the requirements set forth in the Settlement Agreement, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Lugo v. Inova Health Care Services*, Case No. 1:24-cv-00700-PTG-WEF." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]** and be sent to the addresses listed in Question 17.

## GETTING MORE INFORMATION

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.HealthPixelSettlement.com. You may also contact the Settlement Administrator at _____@_____.com or write with questions to _____Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or contact Class Counsel at the information provided above if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the Settlement Website. In addition to the documents available on the case website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.

# EXHIBIT C

From:  Administrator@
To:    JonQClassMember@domain.com
Re:    Legal Notice of Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Lugo v. Inova Health Care Services*, Case No. 1:24-cv-00700-PTG-WEF
(United States District Court, Eastern District of Virginia, Alexandria Division)

**Our Records Indicate You May Have Visited An Inova Public Facing Website Any Time Between April 29, 2022 And April 29, 2024 And Had An Inova MyChart Account. <u>You May Be Entitled To A Payment From A Class Action Settlement</u>.**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer. Para una notificacion en Espanol, visitor www.HealthPixelSettlement.com*

This notice is to inform you that a settlement has been reached in a class action lawsuit entitled *Lugo v. Inova Health Care Services*, Case No. 1:24-cv-00700-PTG-WEF, pending in the United States District Court of the Eastern Division of Virginia, Alexandria Division. The lawsuit alleges that Defendant, Inova Health Care Services ("Defendant" or "Inova"), collected and disclosed its patients' Personally Identifiable Information ("PII") and Protected Health Information ("PHI") (collectively "Private Information") through its use of third-party tracking technologies known as tracking pixels on its public facing websites in violation of the federal Electronic Communications Privacy Act (the "ECPA"). Defendant maintains that it has not disclosed any of its patients' Private Information, and disputes that the information collected is information protected under the Health Insurance Portability and Accountability Act ("HIPAA") but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing to litigate this case.

**<u>Am I a Settlement Class Member?</u>** Our records indicate you may be a Settlement Class Member. Settlement Class Members are all persons in the United States who may have visited an Inova public facing website at any time from April 29, 2022 to April 29, 2024 and had an Inova MyChart Account and whose Private Information could have been disclosed from the public facing websites to third parties through the Facebook or Google pixel and other related tracking technology without their authorization.

**<u>What does the Settlement provide?</u>**

**Monetary Relief:** If the Settlement is approved by the Court, Defendant will make available up to $3,147,390.04 as a Settlement Fund to fully resolve the Litigation on a class-wide basis. The Settlement Fund will be non-reversionary and will represent Defendant's only monetary obligations under the Settlement. The Settlement Fund will pay all Approved Claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and a service award to the Class Representative.

**Prospective Changes:** In addition to this monetary relief, Defendant will implement all remedial measures necessary to ensure its use of tracking pixels materially complies with the ECPA and HIPAA, provided that nothing shall limit its right to use such technologies consistent with that

guidance or when otherwise authorized by patients, pursuant to a valid business associate agreement, or as otherwise permitted by the ECPA and HIPAA.

**What Can I Get?** If the Settlement is approved by the Court, each Settlement Class Member who submits an Approved Claim may receive an equal cash payment from the Settlement Fund. The amount each valid claimant will get I currently unknown and will be based on the number of Approved Claims that are submitted.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You can submit a claim online at the Settlement Website, www.HealthPixelSettlement.com, or by clicking [here.] You may also visit that website to print out a Claim Form and submit it by U.S. mail. Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may do nothing or you may exclude yourself from the Settlement Class by sending a letter or email to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.HealthPixelSettlement.com.  If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, any claims you may have relating to the alleged disclosure to any third party of information identifying you as having requested or obtained specific video materials or services from Defendant will be released.

**Who Represents Me?** The Court has appointed lawyers Kyle McNew of Michie Hamlett PLLC and Eugene Y. Turin, Jordan R. Frysinger, and William Kingston of McGuire Law, PC, to represent the class. These attorneys are called Class Counsel. You will <u>not</u> be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ on [date] in Courtroom 801 at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; consider the Class Counsel's request for attorneys' fees and expenses of up to 33% of the $3,147,390.04 Settlement Fund, plus their litigation costs and expenses; and to consider the request for a Service Award to the Class Representative of up to $5,000.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.HealthPixelSettlement.com. You may also contact the settlement administrator by email at ____@_____.com, by phone at 1-[   ]-[___]-[___], or you may write to _____ Settlement Administrator, [address].

*For more information about your options and deadlines, and to submit a Claim Form, visit www.HealthPixelSettlement.com or call xxx-xxx-xxxx.*