# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PEDRO LUGO, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>INOVA HEALTH CARE SERVICES,<br><br>*Defendant*, | No. 1:24-cv-00700-PTG-WEF<br><br>Hon. Patricia T. Giles |

### **DECLARATION OF EUGENE Y. TURIN**

I, Eugene Y. Turin, hereby aver that I am fully competent to make this Declaration, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and that I would testify to all such matters if called as a witness in this matter.

1. I am an adult over the age of 18 and a resident of the state of Illinois. I am a Partner at the law firm McGuire Law, P.C., I am licensed to practice law in the state of Illinois and the state of California and have been admitted *pro hac vice* in this matter. I, along with Kyle McNew of Michie Hamlett PLLC, and Jordan R. Frysinger and William Kingston of McGuire Law, P.C. (together, "Proposed Class Counsel"), am one of the attorneys representing Plaintiff Pedro Lugo and the Settlement Class in this matter. I am fully competent to make this Declaration and make this Declaration in support of Plaintiff's Unopposed Motion in Support of Preliminary Approval of Class Action Settlement being submitted to this Court.

2. Plaintiff Lugo filed this putative class action in April 2024 in the U.S. District Court for the Eastern District of Virginia. Defendant filed a motion to dismiss, and after full briefing and

1

oral argument, the Court denied Defendant's motion in part in March 2025. Shortly thereafter, the Parties filed a joint motion to stay the case pending mediation. In an effort to resolve the litigation and bring finality to the dispute, the Parties attended a mediation on June 9, 2025 before Bruce Friedman of JAMS. After a full-day mediation and contentious negotiations, the Parties were not able to reach an agreement on a settlement. But on July 28, 2025, after many additional weeks of negotiations facilitated by Mr. Friedman, the Parties were finally able to reach an agreement in principle on the terms of a settlement. Thereafter, the Parties spent significant efforts negotiating the terms of the settlement, including the notice plan and release, with the Parties only recently executing the Settlement Agreement submitted herewith to this Court.

3. I, along with the other Proposed Class Counsel, have concluded that the Settlement Agreement reached in this matter is fair, reasonable, and adequate in light of the attendant risks of protracted litigation. While I believe that the merits of Plaintiff's claims could and would be proven at trial, I recognize the considerable risk and inherent uncertainty which continued litigation imposes on Plaintiff and the absent Settlement Class Members, especially given Defendant's asserted defenses and the uncertain and evolving nature of the legal landscape surrounding tracking pixels and its relationship to the Electronic Communications Privacy Act. Based on the investigation conducted in this litigation, together with years of experience prosecuting class actions in courts throughout the nation, including numerous similar data privacy class actions, I believe that the settlement reached in this matter is in the best interests of Plaintiff and the Settlement Class Members involved.

4. McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in state and national class actions in both state and federal trial and appellate courts throughout the country.

5. I and the other attorneys of McGuire Law P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience in class action lawsuits similar in size and complexity to the instant case, including numerous ECPA and data privacy-related class actions. McGuire Law attorneys and their firms have been appointed as class counsel in numerous complex class actions in state and federal courts across the country, including the U.S. District Court for the Eastern District of Virginia, the U.S. District Court for the Northern District of Illinois, and the U.S. District Court for the Northern District of California, and the U.S. District Court for the Middle District of Tennessee. *See, e.g*, *Paluzzi, et al. v. mBlox, Inc., et al*. (Cir. Ct. Cook Cnty., Ill. 2009); *Parone et al. v. m-Qube, Inc. et al.* (Cir. Ct. Cook Cnty., Ill. 2010); *Satterfield v. Simon & Schuster* (N.D. Cal. 2010); *Lozano v. Twentieth Century Fox Film Corp, et al.* (N.D. Ill. 2011); *Schulken v. Washington Mutual Bank, et al.* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal. 2012); *Rojas v. Career Education Corp*. (N.D. Ill. 2012); *In re Jiffy Lube Int'l, Inc. Text Spam Litigation* (S.D. Cal. 2013); *Robles v. Lucky Brand Jeans* (N.D. Cal. 2013); *Murray et al v. Bill Me Later, Inc.* (N.D. Ill. 2014); *Valladares et al. v. Blackboard, Inc*. *et al.* (Cir. Ct. Cook Cnty., Ill. 2016); *Hooker et al v. Sirius XM Radio, Inc.* (E.D. Va. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook Cnty., Ill. 2017); *Serrano et al. v. A&M (2015) LLC* (N.D. Ill. 2017); *Zepeda et al. v. Intercontinental Hotels Group, Inc.* (Cir. Ct. Cook Cnty., Ill. 2018); *Vergara et al. v. Uber Technologies, Inc.* (N.D. Ill. 2018); *Sheeley v. Wilson Sporting Goods Co.*, 18-CH-04770 (Ill. Cir. Ct. 2018); *Zhirovetskiy v. Zayo Group, LLC* (Cir. Ct. Cook Cnty., Ill. 2019); *McGee et al v. LSC Communications, Inc., et al.* (Cir. Ct. Cook Cnty., Ill. 2019); *Prather et al. v. Wells Fargo Bank, N.A.* (N.D. Ill. 2019); *Nelson et al v. Nissan North America, Inc.*, (M.D. Tenn. 2019); *Smith v. Pineapple Hospitality Co., et al* (Cir. Ct. Cook Cnty., Ill. 2020); *Garcia v. Target Corp.* (D. Minn. 2020); *Burdette-Miller v. William &*

*Fudge, Inc.* (Cir. Ct. Cook Cnty., Ill 2020); *Farag v. Kiip, Inc.* (Cir. Ct. Cook Cnty., Ill. 2020); *Lopez v. Multimedia Sales & Marketing, Inc.* (Cir. Ct. Cook Cnty., Ill. 2020); *Prelipceanu v. Jumio Corp.* (Cir. Ct. Cook Cnty., Ill. 2020); *Williams v. Swissport USA, Inc.* (Cir. Ct. Cook Cnty., Ill. 2020); *Glynn v. eDriving,* LLC (Cir. Ct. Cook Cnty., Ill. 2020); *Pearlstone v. Wal-Mart Stores, Inc.* (E.D. Mo. 2021); *Kusinski v. ADP, LLC* (Cir. Ct. Cook Cnty., Ill. 2021); *Draland v. Timeclock Plus, LLC* (Cir. Ct. Cook Cnty., Ill. 2021); *Harrison v. Fingercheck, LLC* (Cir. Ct. Lake Cnty., Ill. 2021); *Rogers v. CSX Intermodal Terminals, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Freeman-McKee v. Alliance Ground Int'l, LLC* (Cir. Ct. Cook Cnty., Ill. 2021); *Gonzalez v. Silva Int'l, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Salkauskaite v. Sephora USA, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Williams v. Inpax Shipping Solutions, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Roberts v. Paramount Staffing, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Roberts v. Paychex, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Zanca v. Epic Games, Inc.* (Superior Ct. Wake Cnty., N.C. 2021); *Rapai v. Hyatt Corp.* (Cir Ct. Cook Cnty., Ill. 2022); *Jackson v. UKG, Inc.* (Cir. Ct. McLean Cnty., Ill. 2022); *Vo v. Luxottica of America, Inc.* (Cir. Ct. Cook Cnty., Ill. 2022); *Rogers v. Illinois Central Railroad Co.* (Cir. Ct. Cook Cnty., Ill. 2022); *Stiles v. Specialty Promotions, Inc.* (Cir. Ct. Cook Cnty., Ill. 2022); *Fongers v. CareerBuilder LLC* (Cir. Ct. Cook Cnty., Ill. 2022); *Vega v. Mid-America Taping & Reeling, Inc.* (Cir. Ct. DuPage Cnty., Ill. 2022); *Wood et al. v. FCA US LLC* (E.D. Mich. 2022); *Marzec v. Reladyne, LLC* (Cir. Ct. Cook Cnty., Ill. 2022); *Komorski v. Polmax Logistics, LLC et al.* (Cir. Ct. Cook Cnty., Ill. 2022); *Wordlaw v. Enterprise Holdings, Inc. et al.* (N.D. Ill. 2023); *McGowan v. Veriff, Inc.* (Cir. Ct. DuPage Cnty., Ill. 2023); *Davis v. Cafeteria Alternatives, Inc.* (Cir. Ct. Cook Cnty., Ill. 2023); *Mahmood v. Berbix Inc.* (Cir. Ct. Lake Cnty., Ill. 2023); *King v. Peoplenet Corporation* (Cir. Ct. Cook Cnty., Ill. 2023); *McFarland v. SIU Physicians & Surgeons, Inc.* (Cir. Ct. Jackson Cnty., Ill. 2023); *Romero v. Mini Storage Maintenance, LLC* (Cir. Ct. Cook

4

Cnty., Ill. 2023); *Grabowska v. The Millard Group, LLC* (Cir. Ct. Cook Cnty., Ill. 2023); *Fregoso v. American Airlines, Inc.* (Cir. Ct. Cook Cnty., Ill. 2023); *Martinez v. PowerStop, LLC* (Cir. Ct. Cook Cnty., Ill. 2024); *Lumpkins v. R&M Freight, Inc.* (Cir. Ct. Cook Cnty., Ill. 2024); *Koziol v. Befesa Zinc US Inc.,* No. 1:24-cv-01310 (N.D. Ill. 2025); *Gomez v. Industrial Business Services, LLC*, 2021-L-000952 (Cir. Ct. DuPage Cnty., Ill. 2025); *Quinonez v. NEP Electronics, Inc.* (Cir. Ct. Cook Cnty., Ill. 2025); *Wilson v. Park House Nursing & Rehabilitation Center* (Cir. Ct. Cook Cnty., Ill. 2025).

6. I have substantial experience litigating class action cases in state and federal courts, including as the lead attorney in dozens of class action suits across the country involving violations of consumer privacy rights, and have been appointed class counsel in numerous state and federal courts, including the U.S. District Court for the Northern District of Illinois, the U.S. District Court for the District of Minnesota, and the U.S. District Court for the Central District of California. I am a graduate of Loyola University of Chicago and the Loyola University of Chicago School of Law. I have been admitted to practice in the Illinois Supreme Court, the Supreme Court of California, and in multiple federal courts throughout the country, including the Ninth Circuit Court of Appeals and the Seventh Circuit Court of Appeals.

7. My colleague, Jordan R. Frysinger, is an associate at McGuire Law. Mr. Frysinger has experience in litigating numerous putative class actions suits across the country and has been appointed class counsel in several class actions involving data privacy claims. Mr. Frysinger received his B.A. from the University of Idaho and his J.D. from Loyola University Chicago School of Law.

8. My colleague, William Kingston, is an associate at McGuire Law and has experience litigating numerous putative class actions pending in Illinois state and federal courts,

5

including data privacy class actions. Mr. Kingston received his B.A. from Dalhousie University and his J.D. from the University of Illinois Chicago School of Law.

9. My colleague Kyle McNew is a partner at Michie Hamlett PLLC in Charlottesville, Virginia. Mr. McNew has extensive experience in complex civil litigation in Virginia's federal courts and has served as counsel in numerous putative class actions and mass tort matters. Mr. McNew clerked on the U.S. District Court for the Eastern District of Virginia (Hon. Walter D. Kelley, Jr.) and the U.S. Court of Appeals for the Sixth Circuit (Hon. Boyce F. Martin, Jr.). Mr. McNew received his undergraduate degree from the College of William and Mary and his J.D. from the Washington and Lee University School of Law.

10. Proposed Class Counsel have expended significant resources on diligently prosecuting this action, including, among other things, investigating the nature of the tracking pixels utilized by Defendant on its websites; evaluating the facts giving rise to the asserted claims, including potential defenses thereto; briefing Defendant's motion to dismiss; participating in the mediation and subsequent negotiations that led to the Parties reaching a settlement agreement in principle; and preparing the Settlement Agreement and related documents, including participating in communications and negotiations involving, among others, the claims administration process, the scope of release, the compensation provided to Settlement Class Members, and the details of the relief being provided. Proposed Class Counsel believe the settlement reached in this matter is fair and in the best interests of the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2025 in Chicago, Illinois.

/s/ *Eugene Y. Turin*  
Eugene Y. Turin, Esq.