UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PEDRO LUGO, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>INOVA HEALTH CARE SERVICES,<br><br>*Defendant*, | No. 1:24-cv-00700-PTG-WEF<br><br>Hon. Patricia T. Giles |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, DIRECTING NOTICE OF PROPOSED CLASS SETTLEMENT, AND SCHEDULING A FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff Pedro Lugo and Defendant Inova Health Care Services (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. It appears to the Court on a preliminary basis that the Settlement Agreement is likely to be found fair, adequate, and reasonable. It appears to the Court that adequate investigation and research has been conducted such that counsel for the Parties at this time are able to reasonably

evaluate their respective positions. It further appears to the Court that settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by further prosecution of this action. It further appears that the Settlement Agreement has been reached as the result of intensive, serious, and arm's-length negotiations with the help of a neutral mediator, Bruce Friedman of JAMS.

3. The Court preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. Indeed, the Court has reviewed the monetary recovery that is being granted as part of the settlement and preliminarily finds that the monetary settlement awards made available to all putative class members are fair, adequate, and reasonable when balanced against the potential outcomes of further litigation.

4. For purposes of settlement only, the Court finds that the prerequisites for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been preliminarily satisfied. The Court finds that the Class is so numerous that joinder of all Class Members is impracticable; Plaintiff's claims are typical of the Class's claims; there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy. For purposes of settlement only, the Court hereby certifies and orders that notice issue to the following Settlement Class:

> All individuals who may have visited an Inova public facing website from April 29, 2022 through April 29, 2024 and had an Inova MyChart Account and whose Private Information could have been disclosed from the public facing websites to third parties through the Facebook or Google pixel and other related tracking technology without their authorization.

> Excluded from the Settlement Class are: (a) all persons who timely and validly elect to exclude themselves from the Settlement Class; (b) the Court and staff to whom this case is

assigned and any member of the Court's or staff's immediate family; and (c) any individual who has already submitted claims to arbitration against Defendant relevant to the subject matter of the Litigation prior to the Court's entry of its Preliminary Approval Order.

5. Plaintiff Pedro Lugo is hereby preliminarily appointed and designated as Class Representative.

6. The Court preliminarily appoints the following counsel to serve as Class Counsel on behalf of Plaintiff and the Settlement Class: Kyle McNew of Michie Hamlett PLLC, and Eugene Y. Turin, Jordan R. Frysinger, and William Kingston of McGuire Law, P.C.

7. The Court finds that the Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement. Any Class Member may enter an appearance through counsel of their own choosing and at their own expense. Any Class Member who does not enter an appearance or appear on their own will be represented by Class Counsel.

9. The Court approves, in form and content, the Website Notice and Direct Notice attached to the Settlement Agreement as Exhibits B and C, respectively, and finds that they meet the requirements of Fed. R. Civ. P. 23 and satisfy Due Process. The Website Notice shall be posted on the Settlement Website.

10. The Court finds that the notice plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances and satisfies fully the requirements of the Federal Rules of Civil Procedure, the U.S.

Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Website Notice and Direct Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy, formatting, or ease-of-understanding.

11. Epiq Class Action and Claims Solutions, Inc. is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

12. The Settlement Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

13. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendant or the Released Parties relating to the Released Claims under the terms of the Settlement Agreement.

14. Any Person within the Settlement Class may request in writing to be excluded from the Settlement Class. The request must be postmarked, or submitted electronically via the Settlement Website, on or before ___ February 27, 2026__________.

15. In order to exercise the right to be excluded, a proposed member of the Settlement

Class must timely send a written request for exclusion to the Settlement Administrator providing his/her (i) name, address, telephone number, and email address; (ii) the case name and number of this Litigation, (iii) a statement that he/she wishes to be excluded from the Settlement Class; and (iv) his/her signature. So-called "mass" or "class" exclusion requests shall not be allowed. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not electronically submitted or postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as a Settlement Class Member by the Agreement.

16. Any proposed member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Settlement or any order or judgment of the Litigation; (ii) be entitled to relief under the Settlement Agreement; or (iii) gain any rights by virtue of the Settlement Agreement. A proposed member of the Settlement Class who requests to be excluded from the Settlement Class also cannot object to the Settlement Agreement. Any proposed member of the Settlement Class who attempts to both object to and exclude himself/herself from the Settlement Agreement will be deemed to have excluded himself/herself and will forfeit the right to object to the Settlement or any of its terms.

17. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as a Service Award for the Class Representative, no later than _____ February 6, 2026 __________.

18. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees and expenses that Class Counsel intend to seek or the payment of any Service Award, may do so, either personally or through an attorney, by filing a written

objection, together with the supporting documentation set forth below in Paragraphs 19-20 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator no later than _ February 27, 2026 _________. Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

Class Counsel:
Jordan R. Frysinger
McGuire Law, P.C.
55 W Wacker Dr., 9th Fl.
Chicago, IL 60601

Defendant's Counsel:
Bryan T. Kostura
McDonald Hopkins LLC
600 Superior Ave., East Suite
2100 Cleveland, OH 44114

Settlement Administrator:
Epiq Class Action & Claims Solutions, Inc.
P.O. Box 5714
Portland, OR 97228-5714

Clerk of Court:
Clerk of the Court
U.S. District Court, Eastern District of Virginia, Alexandria Division
Albert V. Bryan U.S. Courthouse
Room 801
401 Courthouse Square
Alexandria, VA 22314

19. Any Settlement Class Member who intends to object to the Settlement must include in any such objection:(a) his/her full name, address, email address, and current telephone number; (b) the case name and number of this Litigation; (c) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (d) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last five years; and (e) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel.

20. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection. Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to the Agreement shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

21. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make their objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Order and Judgment.

22. All papers in support of the final approval of the proposed Settlement shall be filed no later than ten (10) days before the Final Approval Hearing.

23. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Released Parties.

24. A hearing (the "Final Approval Hearing") shall be held before the Court on

____ April 16, 2026 ____________ in Courtroom 801 of the U.S. District Court for the Eastern District of Virginia, Alexandria Division, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314 for the following purposes:

a) to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

b) to determine whether the Settlement Agreement is fair, reasonable and adequate, and should be approved by the Court;

c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

d) to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

e) to consider the application for a Service Award to the Class Representative; and

f) to rule upon such other matters as the Court may deem appropriate.

25. The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the members of the Settlement Class. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Judgment and Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

26. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

27. All proceedings in the Litigation as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

28. The Court adopts the following deadlines pursuant to the Settlement Agreement:

| | |
|---|---|
| **Defendant Provides Class List:** | **December 19, 2025** |
| **Notice to Issue By:** | **January 9, 2026** |
| **Fee and Expense Application:** | **February 6, 2026** |
| **Deadline for Objections/Exclusions:** | **February 27, 2026** |
| **Deadline to Submit a Claim Form:** | **April 6, 2026** |
| **Motion in Support of Final Approval:** | **February 9, 2026** |
| **Final Approval Hearing:** | **April 16, 2026** |

**IT IS SO ORDERED.**

Dated: December 12, 2025

/s/
Patricia Tolliver Giles
United States District Judge