# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PEDRO LUGO, individually and on
behalf of all similarly situated
individuals,

   Plaintiff,

     v.

INOVA HEALTH CARE SERVICES,

   Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 1:24-cv-00700-PTG-WEF

Hon. Patricia T. Giles

## **DECLARATION OF EUGENE Y. TURIN**

I, Eugene Y. Turin, hereby aver that I am fully competent to make this Declaration, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and that I would testify to all such matters if called as a witness in this matter.

1.  I am an adult over the age of 18 and a resident of the state of Illinois. I am a partner at the law firm McGuire Law, P.C., I am licensed to practice law in the state of Illinois and the state of California and have been admitted *pro hac vice* in this matter. I, along with Kyle McNew of Michie Hamlett PLLC, and Jordan R. Frysinger and William Kingston of McGuire Law, P.C. (together, "Class Counsel"), am one of the attorneys representing Plaintiff Pedro Lugo and the Settlement Class in this matter. I am fully competent to make this Declaration and make this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement, as well as the contemporaneously-filed memorandum of law, being submitted to this Court.

2.  McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in state and national class actions in both state and federal trial and appellate courts throughout the country.

3.       I and the other attorneys of McGuire Law P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience in class action lawsuits similar in size and complexity to the instant case, including numerous ECPA and data privacy-related class actions. McGuire Law attorneys and their firms have been appointed as class counsel in numerous complex class actions in state and federal courts across the country, including the U.S. District Court for the Eastern District of Virginia, the U.S. District Court for the Northern District of Illinois, and the U.S. District Court for the Northern District of California, and the U.S. District Court for the Middle District of Tennessee. *See, e.g*, *Hooker et al v. Sirius XM Radio, Inc.* (E.D. Va. 2017); *Paluzzi, et al. v. mBlox, Inc., et al*. (Cir. Ct. Cook Cnty., Ill. 2009); *Parone et al. v. m-Qube, Inc. et al.* (Cir. Ct. Cook Cnty., Ill. 2010); *Satterfield v. Simon & Schuster* (N.D. Cal. 2010); *Lozano v. Twentieth Century Fox Film Corp, et al.* (N.D. Ill. 2011); *Schulken v. Washington Mutual Bank, et al.* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal. 2012); *Rojas v. Career Education Corp.* (N.D. Ill. 2012); *In re Jiffy Lube Int'l, Inc. Text Spam Litigation* (S.D. Cal. 2013); *Robles v. Lucky Brand Jeans* (N.D. Cal. 2013); *Murray et al v. Bill Me Later, Inc.* (N.D. Ill. 2014); *Valladares et al. v. Blackboard, Inc. et al.* (Cir. Ct. Cook Cnty., Ill. 2016); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook Cnty., Ill. 2017); *Serrano et al. v. A&M (2015) LLC* (N.D. Ill. 2017); *Zepeda et al. v. Intercontinental Hotels Group, Inc.* (Cir. Ct. Cook Cnty., Ill. 2018); *Vergara et al. v. Uber Technologies, Inc.* (N.D. Ill. 2018); *Sheeley v. Wilson Sporting Goods Co.*, 18-CH-04770 (Ill. Cir. Ct. 2018); *Zhirovetskiy v. Zayo Group, LLC* (Cir. Ct. Cook Cnty., Ill. 2019); *McGee et al v. LSC Communications, Inc., et al.* (Cir. Ct. Cook Cnty., Ill. 2019); *Prather et al. v. Wells Fargo Bank, N.A.* (N.D. Ill. 2019); *Nelson et al v. Nissan North America, Inc.*, (M.D. Tenn. 2019); *Smith v. Pineapple Hospitality Co., et al* (Cir. Ct. Cook Cnty., Ill. 2020); *Garcia v. Target Corp.* (D. Minn. 2020); *Burdette-Miller v. William &*

2

*Fudge, Inc.* (Cir. Ct. Cook Cnty., Ill 2020); *Farag v. Kiip, Inc.* (Cir. Ct. Cook Cnty., Ill. 2020); *Lopez v. Multimedia Sales & Marketing, Inc.* (Cir. Ct. Cook Cnty., Ill. 2020); *Prelipceanu v. Jumio Corp.* (Cir. Ct. Cook Cnty., Ill. 2020); *Williams v. Swissport USA, Inc.* (Cir. Ct. Cook Cnty., Ill. 2020); *Glynn v. eDriving,* LLC (Cir. Ct. Cook Cnty., Ill. 2020); *Pearlstone v. Wal-Mart Stores, Inc.* (E.D. Mo. 2021); *Kusinski v. ADP, LLC* (Cir. Ct. Cook Cnty., Ill. 2021); *Draland v. Timeclock Plus, LLC* (Cir. Ct. Cook Cnty., Ill. 2021); *Harrison v. Fingercheck, LLC* (Cir. Ct. Lake Cnty., Ill. 2021); *Rogers v. CSX Intermodal Terminals, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Freeman-McKee v. Alliance Ground Int'l, LLC* (Cir. Ct. Cook Cnty., Ill. 2021); *Gonzalez v. Silva Int'l, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Salkauskaite v. Sephora USA, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Williams v. Inpax Shipping Solutions, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Roberts v. Paramount Staffing, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Roberts v. Paychex, Inc.* (Cir. Ct. Cook Cnty., Ill. 2021); *Zanca v. Epic Games, Inc.* (Superior Ct. Wake Cnty., N.C. 2021); *Rapai v. Hyatt Corp.* (Cir Ct. Cook Cnty., Ill. 2022); *Jackson v. UKG, Inc.* (Cir. Ct. McLean Cnty., Ill. 2022); *Vo v. Luxottica of America, Inc.* (Cir. Ct. Cook Cnty., Ill. 2022); *Rogers v. Illinois Central Railroad Co.* (Cir. Ct. Cook Cnty., Ill. 2022); *Stiles v. Specialty Promotions, Inc.* (Cir. Ct. Cook Cnty., Ill. 2022); *Fongers v. CareerBuilder LLC* (Cir. Ct. Cook Cnty., Ill. 2022); *Vega v. Mid-America Taping & Reeling, Inc.* (Cir. Ct. DuPage Cnty., Ill. 2022); *Wood et al. v. FCA US LLC* (E.D. Mich. 2022); *Marzec v. Reladyne, LLC* (Cir. Ct. Cook Cnty., Ill. 2022); *Komorski v. Polmax Logistics, LLC et al.* (Cir. Ct. Cook Cnty., Ill. 2022); *Wordlaw v. Enterprise Holdings, Inc. et al.* (N.D. Ill. 2023); *McGowan v. Veriff, Inc.* (Cir. Ct. DuPage Cnty., Ill. 2023); *Davis v. Cafeteria Alternatives, Inc.* (Cir. Ct. Cook Cnty., Ill. 2023); *Mahmood v. Berbix Inc.* (Cir. Ct. Lake Cnty., Ill. 2023); *King v. Peoplenet Corporation* (Cir. Ct. Cook Cnty., Ill. 2023); *McFarland v. SIU Physicians & Surgeons, Inc.* (Cir. Ct. Jackson Cnty., Ill. 2023); *Romero v. Mini Storage Maintenance, LLC* (Cir. Ct. Cook

3

Cnty., Ill. 2023); *Grabowska v. The Millard Group, LLC* (Cir. Ct. Cook Cnty., Ill. 2023); *Fregoso v. American Airlines, Inc.* (Cir. Ct. Cook Cnty., Ill. 2023); *Martinez v. PowerStop, LLC* (Cir. Ct. Cook Cnty., Ill. 2024); *Lumpkins v. R&M Freight, Inc.* (Cir. Ct. Cook Cnty., Ill. 2024); *Koziol v. Befesa Zinc US Inc.,* No. 1:24-cv-01310 (N.D. Ill. 2025); *Gomez v. Industrial Business Services, LLC*, 2021-L-000952 (Cir. Ct. DuPage Cnty., Ill. 2025); *Quinonez v. NEP Electronics, Inc.* (Cir. Ct. Cook Cnty., Ill. 2025); *Wilson v. Park House Nursing & Rehabilitation Center* (Cir. Ct. Cook Cnty., Ill. 2025); Gregory v. Tubi Inc. (Cir Ct. Winnebago Cnty., Ill. 2025); *Gutierrez v. Formula One Digital Media Limited*, (Cir. Ct. Lake Cnty., Ill. 2025); *Burdette v. FuboTV Inc.,* (Cir. Ct. Dupage Cnty., Ill. 2024).

4.      The McGuire Law firm has successfully prosecuted claims on behalf of our clients in both state and federal trial and appellate courts throughout the country, including claims involving allegations of consumer fraud; unfair competition; invasion of privacy; data breach; false advertising; breach of contract; and various statutory violations, including federal TCPA, ECPA, and VPPA violations.

5.      Plaintiff Lugo filed this putative class action in April 2024 in the U.S. District Court for the Eastern District of Virginia. Defendant filed a motion to dismiss, and after full briefing and oral argument, the Court denied Defendant's motion in part in March 2025. Shortly thereafter, the Parties filed a joint motion to stay the case pending mediation. In an effort to resolve the litigation and bring finality to the dispute, the Parties attended a mediation on June 9, 2025, before Bruce Friedman of JAMS. After a full-day mediation and contentious negotiations, the Parties were not able to reach an agreement on a settlement. But on July 28, 2025, after many additional weeks of negotiations facilitated by Mr. Friedman, the Parties were finally able to reach an agreement in principle on the terms of a settlement. The Parties next spent significant efforts negotiating the

4

final terms of the Settlement Agreement, including the Notice Program and release, which this Court preliminarily approved on December 17, 2025.

6.      Thereafter, in accordance with the Settlement Agreement and this Court's Preliminary Approval Order, the Parties and the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc ("Epiq"), began the process of effectuating the Notice Program approved by the Court, the details of which I am aware based on direct communications between myself and Mr. Cameron R. Azari, Esq., Senior Vice President at Epiq. The Notice Plan was effectuated on January 9, 2026, directing email notices to all potential Settlement Class members for whom a valid email address was available. The Settlement Administrator also created a Settlement Website, which includes relevant case documents – such as the Settlement Agreement, Plaintiff's operative Complaint, the Preliminary Approval Order, the Motion for Approval of Attorneys' Fees, Expenses, and Service Award, and the detailed Notice (with a Spanish translation) – and information about the Settlement and related deadlines, including instructions about how to object or opt out of the Settlement.

7.      The Settlement Class has overwhelmingly supported the Settlement Agreement reached in this matter. The deadline for Settlement Class members to file objections or to exclude themselves was February 27, 2026. No objections were submitted, and as of April 3, 2026, there were only 17 exclusion requests. (Azari Decl., ¶ 31.)

8.      Class Counsel have concluded that the Settlement Agreement reached in this matter is fair, reasonable, and adequate in light of the attendant risks of protracted litigation – including the resources Defendant has committed and would continue to commit to ongoing litigation and its defenses to Plaintiff's claims and class certification – and warrants final approval. While Class Counsel believe that the merits of Plaintiff's claims could and would be proven at trial, Class

Counsel recognize the substantial risk and inherent uncertainty that continued litigation imposes on Plaintiff and the Settlement Class members. Based on the extensive pre-suit investigation and informal discovery that has occurred in this case, together with the still-uncertain and evolving state of ECPA jurisprudence, and Class Counsel's experience prosecuting similar litigation, including numerous consumer privacy class actions and other class actions in state and federal courts, Class Counsel believe that the Settlement Agreement reached in this matter is in the best interests of Plaintiff and the other Settlement Class members involved.

9. Class Counsel's opinion that the Settlement Agreement should be finally approved is based not only on the favorable terms of the Settlement, but also on the overwhelming support for the Settlement Agreement expressed by the Settlement Class members themselves. Over 32,000 claim forms were submitted and there have been no objections to the Settlement. The significant number of claims submitted, together with the lack of objections and the minimal number of opt outs, further demonstrates the strength of the Settlement and that final approval is appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 6, 2026, in Chicago, Illinois.

/s/ *Eugene Y. Turin*
Eugene Y. Turin, Esq.

6