UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| PEDRO LUGO, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>INOVA HEALTH CARE SERVICES,<br><br>*Defendant*. | ) | No. 1:24-cv-00700-PTG-WEF<br><br>Hon. Patricia T. Giles |

# FINAL APPROVAL ORDER AND JUDGMENT

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Approval of Attorneys' Fees, Expenses, and a Service Award. These related motions reference and incorporate a proposed Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") (Dkt. 48-2) that sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Defendant Inova Health Care Services ("Defendant," and collectively with Plaintiff, the "Parties"). Having carefully considered the motions and the Settlement, and all of the files, records, exhibits, and proceedings herein, including arguments set forth at the Final Approval Hearing, IT IS HEREBY ORDERED AS FOLLOWS:

1. This Final Approval Order and Judgment ("Order") incorporates by reference the definitions in the Settlement Agreement. All terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement (Dkt. 48-2). Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action ("Action") and personal jurisdiction over all Parties and all members of the Settlement Class described below.

3. There were no objections to the Settlement Agreement or to Plaintiff's Motion for Award of Attorneys' Fees, Litigation Expenses, and a Service Award.

**Certification of the Settlement Class**

4. Under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement Agreement, the Court certifies the following Settlement Class:

> All individuals who may have visited an Inova public facing website from April 29, 2022 through April 29, 2024 and had an Inova MyChart Account and whose Private Information could have been disclosed from the public facing websites to third parties through the Facebook or Google pixel and other related tracking technology without their authorization.

5. Excluded from the Settlement Class are: (a) all persons who timely and validly elect to exclude themselves from the Settlement Class; (b) the Court and staff to whom this case is assigned and any member of the Court's or staff's immediate family; and (c) any individual who has already submitted claims to arbitration against Defendant relevant to the subject matter of the Litigation prior to the Court's entry of its Preliminary Approval Order.

6. The Court finds that the requirements of Rules 23(a) and 23(b)(3) are satisfied for the following reasons: (1) the Class is so numerous that joinder of all Class Members is impracticable; (2) Plaintiff's claims are typical of the Class's claims; (3) there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; (4) class certification is superior to other available methods for the fair and efficient adjudication of the controversy; and (5) Plaintiff and Class Counsel have and will continue to fairly and adequately protect the interests of the Class.

7. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff Pedro Lugo is hereby appointed and designated as Class Representative and the following

are hereby appointed as Class Counsel: Kyle McNew of Michie Hamlett, PLLC and Eugene Y. Turin, Jordan R. Frysinger, and William Kingston of McGuire Law, P.C.

**Final Approval of the Settlement Agreement and Notice Plan**

8. The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval pursuant to Fed. R. Civ. P. 23, including whether:

a. The Class Representative and Class Counsel have adequately represented the Settlement Class;

b. The Settlement was negotiated at arm's length;

c. The relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the terms of any proposed award of attorneys' fees and costs, and Class Representative service award, including the timing of payment and any justification for the awards; and (iii) any agreement required to be identified under Rule 23(e)(3); and

d. The Settlement treats Class Members equitably relative to each other.

9. The Court has also considered other factors relevant to class settlement approval. The Court has considered the following fairness factors: (1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel. *See In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. 18-mn-2873, 2024 WL 1341122, at *9 (D.S.C. Mar. 29, 2024); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991). Additionally, the Court has considered the following adequacy factors: (1) the relative strength of the plaintiff's case on

the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiff is likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement. *See Aqueous Film Forming Foams*, 2024 WL 1341122, at *9; *Jiffy Lube*, 927 F.2d at 159.

10. Having considered the terms of the Settlement and the record before it, the Court finds that the Class Representative and Class Counsel have adequately represented the interests of Settlement Class Members; the consideration provided to the Settlement Class Members under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a mediation conducted by respected mediator Bruce Friedman of JAMS; the Settlement provides meaningful monetary and non-monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses reimbursement sought by Class Counsel; the benefits provided treat Settlement Class Members equitably; and the Settlement is reasonable and appropriate under the circumstances, including the risks, complexity, expense, and duration of the controversy, Defendant's financial condition, and the reaction of the Settlement Class. The Court further finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in reaching the Settlement Agreement, implicit or otherwise.

11. The Court finds that the Notice Program, as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order (Dkt. 56) satisfies the requirements of Federal Rule of Civil Procedure 23(c), is reasonable and provided due, adequate, and sufficient notice of the Settlement to Class Members.

12. The Court hereby reaffirms its appointment of Epiq Class Action and Claims Solutions, Inc. to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

13. The individuals or entities identified in the exclusion list have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such individuals or entities are not included in or bound by the Settlement or this Order. Such individuals or entities are not entitled to any recovery from the settlement proceeds obtained through the Settlement.

14. No objections (timely or otherwise) were filed with the Court in accordance with the requirements set forth in this Court's Preliminary Approval Order. (*See* Dkt. 56, ¶¶ 14–16.)

15. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

**Attorneys' Fees, Litigation Expenses, and Service Award**

16. The Court also has considered Plaintiff's and Class Counsel's Motion for Approval of Attorneys' Fees, Expenses, and a Service Award, as well as the supporting memorandum of law and declarations. No member of the Settlement Class objected to any of the requests in this motion. The Court considers that the requested payment of attorneys' fees of $1,038,638.71 and payment of $19,986.51 in reimbursement of costs are reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17. The Court further finds that the requested Service Award to the Class

Representative is fair and reasonable. As such, the Court approves a Service Award to the Class Representative in the amount of $5,000, to be paid in the manner and at the times set forth in the Settlement Agreement.

**Dismissal and Final Judgment**

18. The Action is hereby dismissed with prejudice.

19. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

20. Upon the Effective Date and by operation of this Order and Final Judgment, the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

21. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members

22. The Court shall retain exclusive, continuing jurisdiction after the entry of this Order with respect to the implementation and enforcement of the Settlement Agreement and this Order.

23. In the event that this Order is reversed on appeal or otherwise does not become Final, this Order shall be rendered null and void and shall be vacated *nunc pro tunc* and the case shall proceed as provided for in the Settlement Agreement.

24. This Court hereby directs entry of this Order and Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file

in this matter.

**IT IS SO ORDERED.**

Dated: 4/17/2026

HON. PATRICIA TOLLIVER GILES
U.S. DISTRICT COURT JUDGE